## JOELS v. BYERS.

No. 12379—Opinion Filed Oct. 23, 1923.

### 1. Trial—Right to Directed Verdict.

Where the evidence shows that the plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error for the court to direct a verdict, and where the evidence is undisputed on all the issues necessary for the plaintiff's recovery, the court should instruct the jury

to find for the plaintiff, although there may be a dispute in the evidence as to other immaterial issues.

**2. Same—Action by Tenant for Damages for Withholding Possession.**

Record examined, and held, that the trial court did not err in instructing the jury to return a verdict for the plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Harry C. Byers against Sam Joels. Judgment rendered for the plaintiff, and defendant brings error. Affirmed.

J. G. Ralls, for plaintiff in error.

I. L. Cook, D. S. McDonald, and J. W. Clark, for defendant in error.

Opinion by PINKHAM, C. This is an appeal from a judgment of the district court of Atoka county, Okla., wherein the defendant in error, as plaintiff, instituted an action to recover from the defendant, Sam Joels, the sum of $6,000 per year as damages for the alleged wrongful holding over the possession of a one-story building in the town of Atoka, Atoka county, Okla.

The parties will be referred to as they appeared in the court below.

It is alleged in the plaintiff's petition that he leased the property involved from one Sam Damie and wife, and that the defendant had kept the plaintiff out of the possession of the premises since the first day of January, 1919, and during said time had collected and used for his own benefit the rents and profits arising from said property, amounting to the sum of $250 per month, and had damaged the plaintiff in the sum of $500 per month, or $6,000 per year.

The lease contract attached to the plaintiff's amended petition specifies a term of five years, commencing on the first day of January, 1919, at the rate of $2,100 per year, payable monthly in installments of $175.

The defendant answered, denying all the allegations in plaintiff's petition, and further charging that at the date of the execution of said lease to plaintiff the defendant was in the peaceable possession of the premises, and was holding the same, and had been for the past ten years, and denied that he was at the commencement of the action unlawfully holding the premises or any part thereof, and pleaded further that on the first day of August, 1918, while in possession of said premises he entered into a verbal contract with the said Damie, whereby he rented and leased said premises for the year 1919 in consideration of $175 per month, and that he paid to said Damie in advance as rent $175 for one month, and that by reason of said verbal contract, and being in possession of said premises, he was entitled to hold the same until the first day of January, 1920.

Plaintiff in his reply admitted that the defendant was in possession of the premises at the date of the alleged lease to the plaintiff, but claimed that the defendant's lease expired on the 31st day of December, 1918.

At the conclusion of all the testimony the court directed the jury to return a verdict in favor of the plaintiff for $175 per month for 14 months, amounting to $2,450, and for interest thereon at six per cent. per annum from March 1, 1920, to which the defendant excepted, and to which the plaintiff also excepted. Thereafter the jury returned into open court their verdict in accordance with the court's instructions.

Thereafter the defendant filed his motion for a new trial, which was overruled by the court, to which the defendant excepted. Thereupon both plaintiff and defendant gave notice that they each intended to appeal from the judgment of the court to the Supreme Court, and the case comes regularly on appeal to this court on the part of the defendant. The plaintiff has not appealed.

For reversal of the judgment, the defendant sets out the following assignments of error in his brief: First, the court erred in overruling the motion of the plaintiff in error for a new trial; second, the court erred in instructing the jury to return a verdict in favor of the defendant in error in the amount of $175 per month, for a period of 14 months, with interest at six per cent. from the first day of March, 1920; third, the court erred in instructing the jury to return a verdict for the defendant in error for the sum of $175 per month, for a period of 14 months.

The three assignments of error set forth in defendant's brief are discussed under one proposition, to wit: That the court erred in instructing the jury to return a verdict for the defendant in error.

It is contended by defendant in his brief that, there being a conflict in the testimony as to the rental value of the premises, this

question should have been submitted to the jury, and he cites in support of this proposition the following decisions of this court: Adams et al. v. Coon et al., 36 Okla. 644, 129 Pac. 851; Moore v. First National Bank, 30 Okla. 623, 121 Pac. 626; Brown & Bridgman v. Western Casket Co., 30 Okla. 144, 120 Pac. 1001.

The record discloses that on the 16th day of August, 1918, the plaintiff and the joint owners of the premises in question entered into a written contract by the terms of which the plaintiff leased the said premises for a period of five years commencing on the first day of January, 1919, for $175 per month; that the defendant was in possession of the property at the time of the execution of the said lease made to the plaintiff.

The defendant alleged in his answer that on the first day of August, 1918, while in possession of said premises, he entered into a verbal contract with one of the joint owners of the said premises whereby he rented and leased the same for the year 1919 in consideration of $175 per month, and that he paid to one of the joint owners in advance one month's rent of $175.

An examination of the record fails to disclose any evidence of any kind or character in support of this allegation in defendant's answer. On the other hand the record discloses that the defendant's term expired on the 31st day of December, 1918, and that the plaintiff held a valid lease on the said premises, commencing January 1, 1919; that the defendant refused to give possession to the plaintiff and remained therein, from January 1, 1919, until March 1, 1920, a period of 14 months, during which time the plaintiff became responsible for the rental of $175 per month.

Plaintiff pleaded his written contract in which he agreed to pay $175 per month and the defendant pleaded in his answer that he had a verbal contract by which he was to pay $175 per month as rental for said premises. There was, therefore, no issue of fact as to the reasonable rental value of the premises being $175 per month, as between plaintiff and defendant. The evidence being undisputed that the plaintiff had been deprived by the defendant of the use of the premises for which the plaintiff had contracted to pay a rental of $175 per month, testimony on the part of the defendant to the effect that the rental value was less than that amount would be immaterial and not available as a defense in view of the pleadings and evidence in the case.

Under such a state of facts the defendant would not be entitled to show that the rental value of the premises was less than the amount which the plaintiff had been compelled to pay under his lease contract during the time the defendant kept him out of possession.

"Where the evidence shows that the plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error for the court to direct a verdict and where the evidence is undisputed on all the issues necessary for the plaintiff's recovery, the court should instruct the jury to find for the plaintiff, although there may be a dispute in the evidence as to other immaterial issues." Choctaw, Oklahoma & Gulf Railroad Company v. J. B. Garrison, 18 Okla. 461, 90 Pac. 730.

"The court may direct the jury to return a verdict where the undisputed facts are of such conclusive character that the court in its sound judicial discretion would be compelled to set aside the verdict returned in opposition to it." O'Neil, Adm'x, et al. v. Lauderdale, 80 Okla. 170, 195 Pac. 121.

Furthermore, the allegation of defendant's answer that he had verbally leased the said premises for the year 1919 for $175 per month is evidence that such amount was the reasonable rental value of the property in controversy.

For these reasons, we think the cases cited supra are not applicable to the instant case, and that the testimony introduced to show that the property in question was of less rental value than $175 per month was immaterial.

It is further contended by the defendant in his brief that it was the duty of the plaintiff to have made inquiry of the defendant to ascertain what right or claim he had; that if it had been done it would have disclosed to the plaintiff that the defendant was claiming the right to use the building for one year commencing on the expiration of his then contract, and having failed to make the investigation, he is charged with notice of the contract and his lease contract is void as to the defendant.

It is sufficient to say in answer to this contention that the record clearly discloses that the plaintiff made inquiry of the defendant, and ascertained from him what right and claim the defendant had on the premises in question, and learned from the defendant that this contract would expire on December 31, 1918; that the defendant stat-

ed in the plaintiff's presence that he was going out of business. Defendant in his brief cites a number of decisions of this court to the effect that a verbal lease for a term of one year to commence in the future is valid. The doctrine announced in those cases, however, has no application to the facts in the instant case, there being an entire absence of proof or testimony disclosed in the record of the defendant having made a lease, verbal or otherwise, on the property in question after January 1, 1919.

From an examination of the entire record we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.