## MARTIN ENLEY, in Error, v. J. B. W. NOWLIN.

1. PLEADING. *A party, for whose use a suit is brought, is the real plaintiff. When. The words " for. the use, etc.," should be treated as surplusage. When. The vendee of a tenant's interest in a crop, brought an action for conversion against the landlord in the tenant's name, for his use.*

   *Held,* That the vendee was the real plaintiff, and the words, " for the use, etc.," should have been treated as surplusage, and that the plaintiff's cause was improperly dismissed for so technical an error.

2. LEASE. *Assignment of interest in crop before maturity by lessee, is*

Martin Enley, in Error, v. J. B. W. Nowlin.

*no abandonment of contract to cultivate the crop for a specific interest. When.* Where a lessee transfers his interest in a crop before maturity, without the lessor's consent, stipulating for the performance of his services under the agreement of lease, he does not thereby abandon his contract, so as to defeat an action against the lessor, for conversion, by the purchaser of his interest.

3. ARGUENDO. *Landlord and Tenant.* Where a tenant, who contracts to cultivate a crop for a specific interest in the same, fails to comply with the terms of his agreement, the landlord may maintain an action against him for damages occasioned by such failure.

4. FACTS. Eady rented land from Nowlin, and agreed in writing to pay him a part of the crop as rent. The contract also specified how the land should be cultivated. Eady, after the corn was matured, sold his interest in the crop to one Enley, who offered, at the proper time, to deliver Nowlin his part of the crop, but was not allowed to do so by Nowlin, who took possession and converted the entire crop to his own use, whereupon Enley sued Nowlin for a conversion of the crop. The warrant is to answer Mitchell Eady for the use of Martin Enley.

FROM BEDFORD.

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

JAS. L. SCUDDER, T. B. IVIE and THOS. R. MYERS for Eady.

E. COOPER for Nowlin.

M'FARLAND, J., delivered the opinion of the Court.

Mitchell Eady rented from Nowlin a tract of land, upon which he was to raise a crop, and pay or deliver to Nowlin one-half of the crop for rent. The

terms of the agreement was set forth in a written contract, specifying the manner in which the land was to be cultivated. On one side it was maintained that this was afterwards modified by a verbal agreement. This was denied by the other side. About the last of August or first of September, after the cultivation of the corn was completed, but before it was matured, Eady sold his half interest in the corn to Enley, and moved away. Enley notified Nowlin about the 15th of November, that he was ready to gather the crop and deliver him his half. Nowlin refused to allow him to do so, but took possession, and converted the entire crop to his own use. Such, at least, is the plaintiff's proof. Thereupon this action was commenced before a Justice of the Peace against Nowlin, for the conversion of the corn. The warrant is to answer "Mitchell Eady for the use of Martin Enley." The main contest in the proof was upon the question whether Eady cultivated the crop in accordance with the stipulations of the written contract, and whether the crop was as good as should have been raised upon the land. The charge of the Judge consisted of two propositions, both of which were conclusive against the plaintiff's right to recover, and both of which, we think, are manifestly erroneous, at least as understood by the jury.

1. The jury were instructed that if Eady sold the crop to Enley in the fall, before it was gathered, and Nowlin converted the corn, this would give a right of action to Enley, and he alone could maintain an

action for the conversion. By this we understand that the present action, being in the name of Eady for the use of Enley, instead of in the name of Enley alone, could not be maintained.

It is true that an action of tort for the conversion of personal property ought not to be brought in the name of one party for the use of another. This course is adopted in suits on contracts not negotiable, where the title to the paper does not pass to the assignee. But where an action is brought in the name of one party for the use of another, the real plaintiff is the party for whose use the suit is brought, as provided by the Code, Sec. 2,795. The words in the warrant, showing that the suit was brought in the name of "Eady for the use," etc., should have been treated as surplusage, and the cause regarded as an action in the name of Martin Enley. The plaintiff's cause ought not to have been disposed of upon a ground so technical.

The second proposition is, in substance, that if Eady sold out to Enley with the agreement, that the latter was to take the place of the former, and perform the service stipulated in the contract, Nowlin would not be bound by this without his own consent to it, and this would be such an abandonment or breach of the contract that neither Eady or Enley could recover.

It has never been doubted that a lease is assignable without the assent of the lessor, unless there be a stipulation against it, and a renter may sub-let the premises; but this is not a case strictly of assigning

Martin Enley, in Error, *v.* J. B. W. Nowlin.

a lease or sub-letting premises. The corn crop was made, so far as it could be by cultivation; all the services, in regard to this crop, remaining to be performed by Eady, was to gather and divide the crop. To say that if he attempted to sell his interest, or part of the crop, stipulating with his vendee that he shall gather and divide the crop in his stead; that because Nowlin did not assent to this, both Eady and Enley thereby lost all right to the crop, and Nowlin thereby acquired the right to take possession and appropriate it all to his own use, is a proposition we can not assent to.

If Eady had previously failed to comply with his contract as to the cultivation of the premises, we suppose this would give to Nowlin the right to maintain an action against him for damages.

The judgment will be reversed and a new trial awarded.