T. R. BALLOW AND THOS. GRESHAM, in Error, *v.* N. W. MOTHERAL *et al.*

UNLAWFUL DETAINER. *Remedy.* The maker of a deed of trust remaining in possession of the land up to the sale, and not disavowing the right of the trustee to possession, nor holding adversely to the trustee, does not become the *quasi* tenant of the purchaser, and this action does not lie in favor of such purchaser and against the tenant of the maker of the deed.

Case cited: *Lane* v. *Marshall*, M. & Y., 255.

Code cited: Sec. 3344.

FROM WILSON.

Appeal from Circuit Court.　WM. P. MARTIN, J.

CAMPBELL, MCEWEN & BULLOCK and R. M. EWING for plaintiff.

WM. HOUSE for defendant.

MAYFIELD, Sp. J., delivered the opinion of the court.

This is an action of unlawful detainer, commenced by the defendants in error against the plaintiffs in error before three Justices of the Peace of Williamson county, and brought by the plaintiffs in error, by appeal from their judgment, to the Circuit Court of said county, and from said court, by appeal from its judgment, to this court.

Miss Sallie Armstrong, the lessor of the plaintiffs in error, on the 13th of January, 1868, executed a deed of trust, conveying to John W. Hulme, as trustee, the land in controversy, for the purpose of securing

certain debts and liabilities therein specified. It provided, on default of payment to the 1st day of January, 1870, for foreclosure, and authorized the trustee to sell, either publicly or privately, and in bar of the equity of redemption.

On the 4th of March, 1872, the maker, trustee, and beneficiaries entered into a further agreement, by which it was agreed that the trustee might sell for one-third cash and remainder on time, and subsequently, on the 13th of April, 1872, the trustee sold the land, and thereafter executed a deed to the defendants in error, as the purchasers.

On the 28th of November, 1872, the trustee gave the maker of the deed notice that she would be required to surrender possession on the 1st of January, 1873, to the purchasers. The plaintiff in error, F. B. Ballon, as constable, served said notice, and he and co-plaintiff rented in the month of February following for the year 1873, and on the 8th of March of said year this action was instituted.

The Circuit Judge charged the jury in substance that if the maker of the deed remained in possession up to the sale, and had not disavowed the right of the trustee to possession, and held for herself, adverse to the trustee, she became the *quasi* tenant of the purchasers, that is, as if the tenant, tenant at will, and that this action would in such case lie upon notice to quit, or possession for the purchaser, being by her, or the plaintiffs in error, as tenants under her, disavowed.

Is this correct, and can the action be maintained?

Ballow *v.* Motheral.

How this is depends upon the proper construction of sec. 3344 of the Code, which defines unlawful detainer to be "where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as sub-tenant, or by collusion with a tenant, and, in either case, willfully and with force, holds over the possession from the landlord or the assignee of the remainder or assignee."

The defendant, then, must have entered as tenant, and under contract, or by sub-tenancy, assignment, or collusion have become substituted to, or become chargable with, the relation and position of tenant, and this court held, in the case of *Lane* v. *Marshall*, Mart. & Yerg., 255, that the contract of rent or lease must have existed for a definite period, etc., and, it would follow, could not be the mere relation of *quasi* tenant created or springing from implication of law.

We think the remedy was given on behalf of landlords and their assignees against tenants and subtenants, provided, where the relationship had been created by or arising from express contract, and does not apply to other contracts, as mortgagor and mortgagee, vendor and vendee, where in certain phases the relationship becomes assimilated to that of landlord and tenant. Therefore, we are of opinion that the Judge of the Circuit Court erred in his instructions to the jury, and the judgment of said court will be reversed and the cause remanded.