## GRIFFITH v. BRACKMAN.

*(Knoxville.* October 5, 1896.)

1. LANDLORD AND TENANT. *Maker of trust deed contracting to become tenant removable by unlawful detainer.*

   The maker of a deed of trust in possession may contract in such deed with the trustee and beneficiary, that foreclosure of the deed of trust shall create the relation of landlord and tenant between the purchaser and maker, and that, upon the latter's default in surrendering possession, he may be removed by a writ of unlawful detainer. (*Post, pp. 388–391.*)

   Code construed: § 5093 (S.); § 4075 (M. & V.); § 3344 (T. & S.).

   Cases cited and distinguished: Ballow v. Motheral, 5 Bax., 602; Kuhn v. Feiser, 3 Head. 82.

2. SAME. *Constructive entry by landlord attaches, when.*

   A constructive entry, that enables him to maintain unlawful detainer, attaches as soon as title is acquired by a purchaser at a foreclosure sale made under a deed of trust containing an agreement by the maker that he will become tenant of the purchaser at such sale. (*Post, p. 391.*)

3. SAME. *Reservation of formal right of re-entry unnecessary, when.*

   No express reservation of a formal right of re-entry by the purchaser under a deed of trust is necessary to enable him to maintain unlawful detainer, where such deed contains a stipulation that a foreclosure thereof shall create the relation of landlord and tenant between the maker and purchaser, and that, if the former refuses to surrender possession, he shall be removable by the writ of unlawful detainer. (*Post, p. 391.*)

---

### FROM KNOX.

---

Appeal from Circuit Court of Knox County. J. W. SNEED, J.

INGERSOLL &˙ PEYTON for Griffith.

F. M. DEARMAND and GREEN & SHIELDS for Brackman.

McALISTER, J. This is an action of unlawful detainer commenced by the purchaser of real estate at a foreclosure sale, under the provisions of a deed of trust, against the mortgagor, to recover possession of the premises. The action is based upon the following stipulation in the deed of trust, to wit: "The said party of the first part further agrees that, in case of any sale hereunder, he will at once surrender possession of the said property, and will, from that moment, become and be the tenant at will of the purchaser and removable by process as upon a forcible and unlawful detainer suit, hereby agreeing to pay the said purchaser the reasonable rental value of said premises after said sale." It is agreed that, at the foreclosure sale, the plaintiff, F. D. Griffith, became the purchaser of the property; that a deed was duly executed by the trustee to said purchaser, and that demand was made of the mortgagors, Brackman and wife, for the possession of the premises, which was refused, and thereupon this action of unlawful detainer was commenced. Counsel filed a stipulation of agreed facts, and the only question submitted for the determination of the Court was whether or not this action could be maintained. The Circuit Judge heard the cause without the aid of a jury, and pronounced judgment in favor

of defendants, upon the ground (1) that plaintiff, Griffith, had never had any possession of the premises; (2) because the clause quoted from the trust deed did not have the effect to create the relation of landlord and tenant, but was simply a covenant or agreement that such relation should exist, a breach of which would render defendant liable for damages at law; (3) because the plaintiff does not show that defendant was his tenant for any specific time and was holding over after the expiration of his term; (4) because there is no provision or stipulation for re-entry to the purchaser in the event of a sale under the trust deed. Plaintiff appealed and has assigned errors.

Section 4075 (M. & V.) Code, provides, viz.: "Unlawful detainer is where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and in either case willfully and without force holds over the possession from the landlord, or the assignee of the remainder or reversion." Section 4082 (M. & V.) Code, further provides, viz.: "No notice to quit need be given by the plaintiff to the defendant other than the service of the warrant."

It was held by this Court, in the case of *Ballew* v. *Motheral,* 5 Bax., 602, "that the remedy given by this section was on behalf of landlords and their assignees, against tenants and subtenants, provided the relation had been created by or arose

from express contract, and does not apply to other contracts as mortgagor and mortgagee, vendor and vendee, where in certain phases the relationship becomes assimilated to that of landlord and tenant. Accordingly, it was held that the maker of a deed of trust, remaining in possession of the land up to the sale, and not disavowing the right of the trustee to possession, or holding adversely against him, does not become the *quasi* tenant of the purchaser, and unlawful detainer does not lie in favor of such purchaser and against the tenant of the maker of the deed." So it was held in *Kuhn* v. *Feiser*, 3 Head, 82: "The action of forcible or unlawful entry and detainer will not lie in favor of a trustee created by a mortgage, or a purchaser under him, neither of whom has had possession of the premises against a naked trespasser. In such a case there is no privity between the trustee or purchaser and the trespasser, and the latter is not the tenant of either."

But it will be observed that the facts of this case present a question which did not arise in the cases mentioned, or in any other reported case, so far as we are advised. It is whether or not a mortgagor in possession may not, in advance, contract with the trustee or mortgagee that in the event a foreclosure becomes necessary the relation of landlord and tenant shall thereby be created between the purchaser and the mortgagor, and upon default of the latter in surrendering possession of the premises, he shall be removable by the writ of unlawful

detainer. We are unable to perceive any sound reason why such a contract, made for the benefit of the purchaser, may not be enforced by him. It is objected that the action cannot be maintained for the reason that there was no entry on the premises after the purchaser acquired title. We think, in view of the contract embodied in the deed establishing the relation of landlord and tenant between the mortgagor and the purchaser, there was a constructive entry that attached as soon as the purchaser acquired title. It is further objected that there is no provision in the contract reserving to the purchaser the right of re-entry in the event of a sale under the trust deed. We think this objection is met by the observations already made. The mortgagor expressly stipulated that if he refused to surrender possession he should be removable by the writ of unlawful detainer. In view of such a stipulation, it is not necessary that there should have been any express reservation of a formal right of re-entry.

The judgment will be reversed and judgment rendered here in favor of plaintiff.