REED FERTILIZER CO. *v.* THOMAS.

(*Knoxville.* October 23, 1896.)

1. MORTGAGES AND DEEDS OF TRUST. *Acknowledgment of, before deputy clerk who is a beneficiary, valid.*

   Acknowledgment of a deed of trust before a deputy clerk who is a beneficiary therein, is irregular, but not void. (*Post, p. 480.*)

   Case cited and approved: Cooper *v.* Hamilton, etc., B. & L. Association, *ante*, p. 285.

2. SAME. *Granting two years delay not void.*

   A provision in a deed of trust giving the debtor two years in which to pay before the trustee shall take possession and sell, does not render it void because of the delay merely, where the deed does not cover more property than is requisite to pay the debt secured. (*Post, p. 481.*)

   Cases cited and approved: Hartman *v.* Allen, 9 Lea, 657; Roane *v.* Bank, 1 Head, 526; Doyle *v.* Smith, 1 Cold., 21.

3. SAME. *Trustee entitled to rents before maturity of debt.*

   The right to immediate possession and all subsequent accruing rents, as well as to the growing crops, passes to the trustee in a deed of trust providing that if the debts are not paid at the expiration of two years, the trustee shall take possession and sell, and also that he shall take immediate possession of all the personal property, including the growing crops, and dispose of the same for the purposes of the trust. (*Post, pp. 481, 482.*)

   Case cited and approved: Reeves *v.* John, 95 Tenn., 434.

4. SAME. *Not a general assignment.*

   An instrument which, on its face, appears to be an ordinary deed of trust to secure designated creditors, giving preferences, will not be held to be a general assignment under Acts 1881, Ch. 121, and void because it does not conform to the requirements as to bond, oath, and schedule. (*Post, p. 482.*)

   Act construed: Acts 1881, Ch. 121.

Reed Fertilizer Co. *v.* Thomas.

Case cited and approved: Steedman, Steere & Co. *v.* Dobbins & Dazey, 93 Tenn., 397.

5. SAME. *Attacked for fraud in law, not for fraud in fact.*

A deed of trust is not attacked for fraud in fact, so as to admit evidence upon that issue, under a bill averring that it is a general assignment, that it was not properly acknowledged for registration, that it stipulated for greater delay than the law permitted, that it made unlawful reservations for the benefit of the debtors, that it gave preferences, that the grantors were insolvent, and that the trustee had not given bond. (*Post, pp. 482, 483.*)

Cases cited and approved: Raht *v.* Mining Co., 5 Lea, 18; Fort *v.* Orndoff, 7 Heis., 167.

6. SUPREME COURT. *Question made for first time in this Court not entertained.*

An objection that a deed of trust was fraudulent because it secured the individual creditors of the grantors, as well as the partnership creditors, out of partnership property, cannot be made, for the first time, in this Court. (*Post, p. 484.*)

---

FROM SULLIVAN.

---

Appeal from Chancery Court of Sullivan County. HUGH G. KYLE, Ch.

A. B. WHITAKER, J. H. WOOD, and W. G. STUART for Fertilizer Company.

KIRKPATRICK, WILLIAMS & BOWMAN, NEWTON HOCKER, and JOHN FAIN for First National Bank of Jonesboro.

CURTIN & HAYNES for Russell.

TIPTON & SIMERLY for People's Bank of Sweetwater.

TAYLOR & WINSTON for Butler.

SHIELDS & MOUNTCASTLE for First National Bank of Morristown.

WILKES, J. This bill is filed to obtain judgment upon a note, and to set aside a trust assignment, and subject the property embraced in it to complainant's debt. The bill was demurred to, in so far as it sought to set aside the assignment, and demurrer was sustained by the Chancellor. Complainants appealed and assigned errors. The cause has been heard by the Court of Chancery Appeals, and it affirmed the decree of the Chancellor, and complainant has appealed to this Court and assigned many errors.

The questions presented by the assignments are that the instrument was acknowledged before a deputy clerk who is a beneficiary under the assignment, and was therefore illegal and void, and did not authorize the registration of the instrument, and such registration would not, under these circumstances, be notice to the world. We have held, at the present term of the Court, that an acknowledgment taken before an officer related to the party, or interested as a beneficiary under the instrument, is not void, but irregular. We consider this question as settled, although, as heretofore stated, such practice should be abandoned and not persisted in. See *Cooper* v. *Hamilton Perpetual B. & L. Association, ante,* p. 285.

It is said that the delay provided for in this deed of trust for its execution renders it fraudulent upon its face. The mere length of time granted in such instrument is of minor importance, unless the conveyance covers more property than is necessary or requisite to pay the debt secured, and no averment to this effect is made in the bill. The decisions in this State have sustained instruments of this character granting a similar, and some of them a longer, period of delay. *Hartman* v. *Allen*, 9 Lea, 657; *Roan* v. *Bank*, 1 Head, 526; *Doyle* v. *Smith*, 1 Cold., 21.

It is said the conveyance reserves to the grantor the possession of the realty for two years, together with the right to the rents during that time. The trust deed provides that if the debts are not paid by the expiration of two years, then the trustee shall take possession of all the property and sell for the payment of the debts. In a subsequent part of the instrument, it provides that the trustee shall take immediate possession of all the personal property, including the growing crops, and dispose of the same for the purposes of the trust. While the instrument does not expressly state who shall have the rents of the real estate during the two years delay, yet we think a fair construction of the instrument is, that these rents should go to the trustee, just as the growing crops are directed to go. In the absence of any provision for possession, it

13 P—31

passes, with the execution of the instrument, to the grantee. *Reeves* v. *John*, 11 Pickle, 434.

But we think the fair and proper construction of this instrument is that the subsequently accruing rents, during the two years delay, passed, like the crops then growing, to the grantee, the grantor remaining in possession as the tenant of the trustee, and responsible to him for the rental proceeds.

It is said the assignment is general, and yet does not conform to the requirements of the Act of 1881, Ch. 121, as to bond, oath, and schedule. The assignment does not, upon its face, purport to be a general assignment under the Act of 1881, Ch. 121, and whether it is such must appear from the face of the instrument. *Steedman, Steere & Co.* v. *Dobbins & Dazey*, 9 Pickle, 397.

The instrument in question is evidently an ordinary deed of trust to secure designated creditors, giving preferences. It is not a general assignment, under the Act of 1881, Ch. 121, and not so intended.

It is said the bill charges fraud in fact, in making the deed, and hence it was error to dismiss it upon demurrer, and that it should have been heard upon proof.

This is unquestionably correct, if facts are charged which would, if true, render the conveyance fraudulent in fact. The charges of fraud made in this bill are in the most general terms. No specific facts are alleged which call for proof. It

is not charged as a fact that the trustee or the beneficiaries colluded with the maker, or in any way participated in any fraudulent intention, purpose, or act. The allegations made in the bill properly raise the question as to whether the trust assignment is fraudulent because of provisions upon its face—in other words, whether it is fraudulent in law; but there are no statements of fact that would, if true, render the instrument fraudulent in fact. The allegations relied on are, that the instrument is a general assignment; that it is not properly acknowledged; that there is no authority for its registration, and no notice to the world because of its registration; that the delay stipulated for is greater than the law permits; that reservations are made by the terms of the instrument for the benefit of the debtor; that the assignment gives preference; that the grantors are insolvent; that the trustee has not given bond. Conceding all the facts· involved in these charges, there is nothing of which fraud in fact can be predicated, but. they, so far · as material, simply present questions of law, arising upon the face of the instrument. In *Raht* v. *Mining Co.*, 5 Lea, 18, the Court said it is a settled rule of law that when a bill seeks to set aside a contract or to obtain a general account upon a charge of fraud, it is not sufficient to make such charge in general terms, but it should point out and state the particular acts of fraud. See, also, *Fort* v. *Orndoff*, 7 Heis., 167.

It is said in the assignment of errors that the deed is fraudulent because the individual creditors of the grantor are secured, along with the partnership creditors, out of partnership property, before satisfying partnership creditors. It is only necessary to say, as to this, that no such allegation appears in the bill, and it, for the first time, appears in the assignment of errors. In the absence of any specific allegation of fraud in fact, participated in by both the grantor and grantee or beneficiaries, the character of the instrument, whether fraudulent or not, must be determined upon its face; and we think that, upon its face the assignment is not fraudulent as a matter of law.

It follows that there is no error in the decree of the Court of Chancery Appeals, and it is affirmed with costs.