PETE BLOCH *v.* VICTOR BUSCH.*

(*Knoxville.* September Term, 1929.)

Opinion filed December 9, 1929.

22

*Corpus Juris-Cyc References: Judgments, 34CJ, section 1322, p. 909, n. 31; Landlord and Tenant, 36CJ, section 665, p. 50, n. 74; section 1806, p. 624, n. 46; section 1824, p. 634, n. 17.

C. A. NOONE, for plaintiff in error.

J. LON FOUST, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Plaintiff's suit was dismissed by the Circuit Court of Hamilton County, on defendant's demurrer to his declaration; and within one year from the date of the judgment, the plaintiff filed the record with the clerk of this court for a writ of error, as authorized by statute. Shannon's Code (all editions), sections 4911-4917.

The declaration avers that plaintiff leased a certain store building in Chattanooga, for a term of five years, from the owner, C. W. Alday, the term to begin on the date of the expiration of the previous lease which Alday had made to the defendant, who was in possession at the date of the lease from Alday to plaintiff; that the defendant refused to surrender possession of the leased premises at the expiration of his lease, and unlawfully and without authority, and over the protest of plaintiff and the lessor, remained in possession for an additional two years, when he vacated the premises as the result of an unlawful detainer suit brought by the owner and lessor, in which suit no question of damages or rental value was made, judgment for possession only having been rendered.

Plaintiff sues the defendant for damages alleged to have been "the proximate result of said unlawful holding over of the premises by the defendant;" and as items of his damages plaintiff specifies: (1) the rental value of the premises while unlawfully held by the defendant; (2) the sum of $500 which the plaintiff was compelled to pay and did pay to persons to whom he had sublet the premises and to whom he was unable to deliver possession because of defendant's holding over;

and (3) the sum of $250 which plaintiff had paid to attorneys at law for their services in prosecuting the unlawful detainer suit brought by the owner against the defendant.

Before the demurrer was filed the summons and declaration were amended so as to show that the action was brought "in the name of C. W. Alday, for the use and benefit of Pete Bloch, rather than in the name of Pete Bloch individually."

The judgment of the circuit court directed that each ground of defendant's demurrer to the declaration be sustained. The demurrer attacked the sufficiency of the declaration (1) on the ground that having been filed in the name of the lessor and owner, it was not averred that any damages accrued to or were incurred by him, and that he could not recover rents in this action because his exclusive remedy therefor was in the unlawful detainer suit; (2) because the amount paid by Bloch as attorneys' fees does not constitute an item of expense or damages for which the defendant would be liable; and (3) because the item of $500 alleged to have been paid by Bloch to his sublessees is not charged to have been a liability of the nominal plaintiff, Alday.

There can be no question but that the nominal plaintiff, Alday, cannot maintain this suit in his own right and for his own benefit. It does not appear from the record whether the unlawful detainer suit instituted and prosecuted to judgment by him was brought before a justice of the peace or in the circuit court; but however that may be, the statute is mandatory that the judgment awarding him the possession of the premises should include his rent, interest, and damages, if any. Shannon's Code, sections 5106a1 (Acts 1903, chapter 42),

5112, 5113, and 5116. The remedy so given him is exclusive, and having recovered the possession in his action of unlawful detainer, the owner and lessor may not prosecute a subsequent suit for rent or damages. *Simmons* v. *Taylor*, 91 Tenn., 363.

There is no averment in the declaration that Bloch was required to pay, or did pay, rent on the leased premises during the time possession was held by the defendant; and therefore the declaration fails to show a cause of action for such item in a suit brought for his use and benefit.

██ While the suit is brought and prosecuted in the name of the owner and lessor, for the use and benefit of his lessee, Bloch, we are required by statute, to treat the lessee as the real plaintiff; and if the declaration states a cause of action which the lessee, Bloch, may maintain in his own name and right, the averment that the suit is brought in the name of his lessor will be treated as surplusage, and the case will be considered as if brought in the name of Bloch alone. Shannon's Code (all editions), sections 4492, 4493, and 4941; Code of 1858, sections 2795, 2796, and 3800; *Pritchard* v. *Johnson-Toby Construction Co.*, 155 Tenn., 571; *Enley* v. *Nowlin*, 60 Tenn., 163.

Therefore, while the declaration fails to charge that the sum of $250, expended by Bloch as attorneys' fees in the unlawful detainer suit, and $500 which he was required to pay to his sublessees because of his inability to put them in possession, was paid by or was a liability of the nominal plaintiff, Alday, the demurrer was improperly sustained if Bloch, in his own name and right, is entitled to recover these items from defendant as damages for the latter's unlawful and wrongful re-

tention of the leased premises after the expiration of his own term and the date fixed for the commencement of Bloch's term.

It is clear from the controlling statutes, and the decisions of this court construing them, that Bloch, as the lessee, for a term to begin at the expiration of the term of the prior lessee, could not have brought and prosecuted an unlawful detainer suit to obtain possession of the leased premises from the first lessee. Such a suit may be prosecuted only by "the landlord, or the assignee of the remainder or reversion." Shannon's Code (all editions), section 5093; *Kuhn* v. *Feiser,* 40 Tenn. (3 Head), 83; *Ballow* v. *Motheral,* 64 Tenn., 600; *Griffith* v. *Brackman,* 97 Tenn., 387.

In *Thomas* v. *Blackemore,* 13 Tenn. (5 Yerg.), 113, 126, this court defined the *status* of a lessee of land, prior to actual entry and possession of the leased premises, as follows:

"In leases for years, an actual entry was, and is now, necessary to vest the term in the lessee; before, he is not in fact or law, tenant. 2 Blackstone, 514. This entry and actual holding possession served the purpose of notoriety as well as livery of seizin could have done; 'which (says Blackstone) it would have been improper to have given in this case, because that solemnity is appropriated to the conveyance of a freehold.' *Id.*

"Attornment of a tenant for years to another tenant for years is unheard of; the doctrine only applies between the landlord holding the fee and the tenant. He is actually in possession, goes out and puts the sub-lessee in."

We find no decision of this court defining the obligation of a lessor to place his lessee in possession of the

leased premises at the beginning of the term. In some jurisdictions, based upon early rulings in the State of New York, it is held that there is no such obligation on the lessor, when his title is good in law and the leased premises are held by a person without right. However, the rule which we regard as the more sound is that the lessee bargains for the possession and not merely for "the chance of a lawsuit," and that from the lease contract there is an implied obligation on the landlord to deliver possession or, at least, to hold the premises open to the entry of his lessee. *King* v. *Reynolds,* 67 Ala., 229, 42 Am. Rep., 107; 16 R. C. L., pp. 724-725 (Landlord and Tenant, section 215).

Under this rule, which is in accord with the holding above quoted from *Thomas* v. *Blackemore,* it seems obvious to us that the obligation of the defendant herein, under the terms of his lease, was to restore possession to his lessor and not to the subsequent lessee. The right of the latter was to demand possession of the leased premises from his lessor, and upon default, to exact his damages from him with whom he contracted. From this view of the landlord's obligation to deliver possession to his lessee, it clearly follows that the landlord, by executing a lease for a new term to begin at the expiration of an existing and current lease, does not deprive himself of the right to demand possession of the premises at the expiration of an existing term; and the second lessee is, therefore, not the assignee of the reversion, within the meaning of the unlawful detainer statute.

The first lessee, owing no duty to a subsequent lessee to surrender possession at the expiration of his term, cannot be held to respond in damages to him for a breach

of the obligation which such first lessee owes only to the lessor, or to the then owner of the fee or reversion.

In New York, where the rule is otherwise, the landlord is under no duty, arising by implication from the lease contract, to place his lessee in possession; and if the lessee be denied possession by a prior lessee holding over without right, his obligation to pay the stipulated rent to his landlord is not thereby postponed. So, it is there held that the right to recover rent from the lessee holding over without right is in the subsequent lessee and not in the landlord. But even there, when the lease contract stipulates that the obligation to pay rent shall not begin until the lessee is placed in possession, the right to demand and collect rent from a prior tenant holding over is declared to be in the landlord. *Marbridge Building Co.* v. *White,* 115 Misc. Rep., 320, 188 N. Y. Supp., 233.

In *Anderson* v. *Kokomo Rubber Co.,* 132 S. E., 76, the Supreme Court of Georgia sustained the right of action of a lessee to recover damages from a prior lessee because of his wrongful holding over beyond his term, but the holding was expressly predicated upon a statute of Georgia which provides:

"The bare right of possession to lands authorizes their recovery by the owner of such right, and also damages for the withholding of the right."

Based on this statute the plaintiff's action was sustained as an action for tort. There being no such statute in this State, the case is not authority for plaintiff here.

Plaintiff's brief cites two cases as sustaining his contention that the defendant's wrongful holding over conferred upon him a right of action for the damages re-

sulting to him from such wrongful act: *Obermeier* v. *Mortgage Co.* (Ore.), 224 Pac. Rep., 1089; *Joles* v. *Byers* (Okla.), 219 Pac. Rep., 687. The Oregon case was a suit by the second tenant against the landlord and the landlord's assignee, and was not a suit against a prior tenant. *Arguendo,* the Supreme Court of Oregon stated that the tenant might maintain an action of ejectment against any person wrongfully withholding possession of the leased premises from him, a matter regulated by statute in the several States, and that "the lessee may at his option repudiate the contract or bring an action for damages against the lessor for a breach of his agreement." The case does not rule upon the right of the tenant to recover damages from a prior tenant who holds over. In the Oklahoma case, the right of the tenant to maintain such a suit against a prior tenant was not discussed by the court, and appears not to have been questioned by the defendant, who defended alone upon evidence that his holding over was by authority of the landlord and therefore not wrongful.

Cases collected by the editor, L. R. A. 1915C, 190, 199, appear to weigh against plaintiff's right of action herein.

█ Our statutes provide a remedy for the recovery of the possession of leased premises, upon the expiration of the term, by suit for unlawful detainer. The right to pursue this remedy is limited by the terms of the statute to the landlord, and to the assignee of the remainder or reversion, by which is meant one who has acquired the fee or remainder estate from the landlord. This remedy is denied to a subsequent lessee, whose term is to begin at the expiration of the term of him who wrongfully holds over. The policy of this statute is that the ten-

ant holding over shall be subjected to a single suit, in which both possession and damages may be recovered. The damages which may be suffered by a subsequent tenant are the proximate result of the landlord's failure to deliver possession, for which the landlord is primarily liable at the suit of such tenant. The policy of the statutes seems to us clearly to forbid that the subsequent tenant, as well as the landlord, should have a right of action against the tenant holding over; and we find no authority to sustain such a right of action in the subsequent tenant.

It results that, since the declaration fails to state a cause of action in the plaintiff, Bloch, in his own name and right, the trial judge properly sustained the demurrer on the ground that no cause of action was in the nominal plaintiff, Alday; and the judgment dismissing the suit on demurrer will be sustained, at the cost of the plaintiff in error.