METROPOLITAN LIFE INS. CO. *et al. v.* MOORE.

*(Nashville,* December Term, 1933.)

Opinion filed June 23, 1934.

L. D. BEJACH, of Memphis, for plaintiffs in error.

T. B. PASSMORE, of Memphis, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A mortgage, in trust deed form, was executed in 1928, by the then owners of the real estate herein involved. Complainant life insurance company is the owner of the note evidencing the debt secured by said mortgage, and complainant Memphis Bond & Mortgage Company is the trustee named in said instrument to whom the legal title was conveyed. Defendant Moore is the purchaser by successive transfers of the equity in said real estate. Default having occurred, complainants jointly brought this unlawful detainer suit. Judgment went for the defendant in the trial court, and complainants appeal, asserting the right by this procedure to take possession and appropriate the rents to the indebtedness secured.

That the debt is held as recited, and is unpaid and in default, is not questioned. The insistence of the defendant is that by the terms of a contract incorporated in the instrument foreclosure is provided for exclusively, either (1) by trustee sale, or (2) by bill in equity, and that pos-

session and appropriation of the rents may not otherwise be enforced.

The contractual clause relied on is as follows:

"It is a condition of this conveyance that the party of the first part is to retain possession of the property herein conveyed and is to receive and use the rents, issues and profits therefrom until default in the payment of the interest or principal or any taxes or assessments, when the same shall become due as aforesaid, or until other default under the terms of this deed of trust is made; but from and after such default, the rents, issues and profits shall be due and payable to the Trustee or beneficiary, if either makes demand for same. And, in the event of any such default, the party of the third part, in addition to the power of sale hereinbefore provided, shall have the right to proceed in a court of equity to foreclose this deed of trust and shall be entitled to the appointment of a receiver to collect the rents, issues or profits pending such suit."

Complainant Bond & Mortgage Company is the holder of the legal title, with right of possession, carrying with it the right to rents, unless cut off by the terms of the contract relating to possession in the instrument of conveyance. This is the settled rule in this jurisdiction. In *Schoolfield* v. *Cogdell,* 120 Tenn., 618, 113 S. W., 375, 380, the court quotes approvingly from *Lincoln Savings Bank* v. *Ewing,* 12 Lea, 598, the following: "In this state it has been invariably held that the legal title to the property conveyed vests in the mortgagee, and he is entitled to the immediate possession unless the mortgage otherwise provides." In *Reed Fertilizer Co.* v. *Thomas,* 97 Tenn., 481, 37 S. W., 220, 221, treating of rents, it is

said that: "In the absence of any provision for possession, it passes, with the execution of the instrument, to the grantee. *Reeves* v. *John,* 95 Tenn., 434, 32 S. W., 312." So, in *Lieberman, Loveman & Cohn* v. *Knight,* 153 Tenn., 268, 283 S. W., 450, 453, while recognizing that the ownership of mortgaged premises is a "divided" ownership, the court said, "In Tennessee the mortgagee is said to hold the legal title and may recover possession of the land at once by action at law," subject, of course, to contractual provisions, if any, to the contrary.

██ This instrument contains the provision above quoted for retention of possession by the maker. But it is to be noted that this provision carries with it an express limitation of this retention right. The grantor is to "retain possession," and "to receive and use the rents . . . until default . . . under the terms of this deed of trust is made; but from and after such default, the rents, issues and profits shall be due and payable to the Trustee or beneficiary, if either makes demand for same." The contractual reservation of possession in the grantor, with accompanying right to rents, is thus expressly limited. It seems clearly to have been in the contemplation of the parties that the right to possession and rents should pass from the grantor to the mortgagee upon default. This is shown not only by the limit put on possession in the grantor, but by the following express provision that after default the rents, etc., shall be due and payable to the trustee or beneficiary, thus contracting, in effect, for the relationship of landlord and tenant.

Nothing further appearing, the assertion or enforcement of this right "by action at law" would seem in order.

The specific form of action adopted in this case was the purely possessive action of unlawful detainer. Was this permissible, or was ejectment required? Code 1932, section 8567, broadly provides that, "where the action is to recover real property, ejectment, or forcible or unlawful entry or detainer may be brought." Unlawful detainer by our statute, Code, section 9247, "is where the defendant enters by contract, either as tenant or as assignee of a tenant," etc., and "willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion."

In the recent case of *Bloch* v. *Busch,* 160 Tenn., 29, 22 S. W. (2d), 242, 244, it was said that: "The right to pursue this remedy is limited by the terms of the statute to the landlord, and to the assignee of the remainder or reversion, by which is meant one who has acquired the fee or remainder estate from the landlord." The plaintiffs here are within this definition; having acquired title to the fee. On the other hand, the defendant appears to be within the general definition of tenant. At common law a mortgagor holding possession "after condition broken" is a "tenant at sufferance" of the mortgagee, according to Underhill on Landlord and Tenant, sec. 167; *Fuller* v. *Wadsworth,* 24 N. C. (2 Ired.), 263, 38 Am. Dec., 692; *Ford* v. *Steele,* 54 Vt., 562. Our cases quite generally recognize a similarity between the relationship of vendor and vendee and that of landlord and tenant.

Consistently with the general holding that upon execution of the instrument possession passes with the legal title to the mortgagee or trustee, it may be said that, where a contract is incorporated providing for possession

by the grantor on prescribed conditions, such as the prompt periodical payment of interest and taxes, etc., the grantor holds "by contract" as "tenant," in legal effect. Having constructively, at least, delivered up possession, he re-enters and thereafter holds in this capacity. A tenant, in the popular sense, is one who is in occupation of lands or tenements, title to which is in another, the terms of whose occupation are defined by agreement. No issue of legal title appears here. The defense concedes this in the plaintiff. This is the feature which mainly distinguishes the remedies of ejectment and unlawful detainer. On the facts of the instant case, every defense relied on by the defendant is as fully available to him under the one form of action as under the other. The modern tendency in all progressive jurisdictions is away from formal defects and distinctions, not affecting the merits.

The holding in *Ballow* v. *Motheral,* 5 Baxt., 600, opinion by Mayfield, Special Judge, may be distinguished. It differs essentially in its recited facts from the case before us, in that there was no express contract in the instrument for retention of possession and occupancy by the maker of the trust deed, as appears here, and we do not now hold that the mere execution of a mortgage or trust deed, without contractual provisions touching occupancy and rents, gives rise to the relationship of landlord and tenant, within the contemplation of our unlawful detainer statute. In *Griffith* v. *Brackman,* 97 Tenn., 390, 37 S. W., 273, 49 L. R. A., 435, the principle was recognized that a relationship between the maker of a mortgage and the trustee, or a purchaser, may be established by contractual provisions in the instrument

which will support the action of unlawful detainer. We find no conflict in our cases with the views indicated. *Shepperson* v. *Burnette,* 116 Tenn., 117, 92 S. W., 762, merely confines use of unlawful detainer to occupations under contract. We have a contract here. In *Kuhn* v. *Feiser,* 3 Head, 82, the court found the defendant to be a naked trespasser only, without privity. In *Elliott* v. *Lawless,* 6 Heisk., 127, the court found title to be involved, which may not, by statute (Code, section 9257), "be inquired into" in this action.

It does not appear that learned counsel for the defendant challenges the specific form of action brought, that is, the use of unlawful detainer rather than ejectment, but denies altogether the right to maintain an action at law to recover possession. As previously mentioned, the reliance of the defendant appears to be mainly on the concluding clause of the quotation hereinbefore made from the instrument, wherein it is provided that, "in the event of any such default, the party of the third part, in addition to the power of sale hereinbefore provided, shall have the right to proceed in a court of equity to foreclose," etc., and have a receiver to collect rents, etc. The insistence is that this provision for a remedy is exclusive and precludes a right of action at law. We do not so construe it. It does so no more than the power of sale by the trustee provision. It is an additional remedy to meet possible emergencies and conditions. Moreover, it is significant that this clause deals with the holder of the debt, not the holder of the legal title, as by its terms this power is vested in "the party of the third part," evidently in anticipation of the possibility of incapacity of the trustee, or its refusal, or failure to act,

etc. We find nothing in the granting of this additional power of procedure to the beneficiary inconsistent with the legal right of the mortgagee, or trustee, to proceed at law to enforce possession and thus collect the rents, upon default. It was "until default" only that the right of possession, otherwise passing with the execution of the instrument, was suspended.

This view is consistent with the manifest intent of the parties, apparent on the face of this instrument as a whole, that the right to rents should pass to the mortgagee upon default. In the recent case of *Grannis-Blair Audit Co.* v. *Maddux*, 167 Tenn., 297, 69 S. W. (2d) 238, the general rule that so long as the mortgagor is permitted to remain in possession he is entitled to the rents was distinguished and announced to be subject to provisions of the instrument indicating a contrary intention.

The judgment is reversed, and decree will be entered here accordingly.