WOODWARD *et al. v.* RAGSDALE.

(*Nashville,* December Term, 1942.)

Opinion filed January 30, 1943.

EARL HARWELL, of Memphis, for plaintiffs in error.

YANDELL HAUN, of Memphis, for defendant in error.

Mr. Justice McKinney (Retired) delivered the opinion of the Court.

Louise M. Ragsdale, referred to herein as defendant in error, instituted this suit in a magistrate's court on July 31, 1941, to recover from the plaintiffs in error past-due rents for a farm, on which there was a dwelling, which she had leased to them. Defendant in error was awarded a judgment in the sum of $154.53, and upon appeal to the circuit court that judgment was affirmed. In the circuit court the facts were stipulated; hence the appeal came direct to this court.

The plaintiffs in error actually occupied the premises, and the above sum represents the balance. of rents which they failed to pay in accordance with their contract.

The defense relied upon is that defendant in error on December 18, 1940, instituted an action of forcible entry and detainer before a justice of the peace for the possession of said premises and was adjudged entitled thereto, the result being that she thereby split her cause of action, which precludes her from recovering rents in a subsequent action.

Section 9261 of the Code provides as follows: "In all cases of forcible entry and detainer, forcible detainer, and unlawful detainer, the justice of the peace trying the cause shall be authorized and it shall be his duty, if his judgment shall be that the plaintiff recover the possession, to ascertain the arrearage of rent, and interest, and damages, if any, and render judgment therefor."

In *Bloch* v. *Busch,* 160 Tenn., 21, 22 S. W. (2d), 242, this court held the foregoing statute to be mandatory, and that where the leased premises were recovered in an action of forcible entry and detainer, rents could not be recovered in a subsequent suit. In that case, however,

the defendant lessee was before the court in the forcible entry and detainer suit; so that a judgment for rent could have been entered against him.

In the case on trial the lessees were not parties to the forcible entry and detainer suit, the sheriff's return showing that they were not to be found in Shelby County. The adult wife of one of the lessees was in possession of the premises and the summons was served on her pursuant to section 9282 of the Code, and upon such service the magistrate entered judgment in favor of defendant in error for the possession of said premises. A writ of possession was never issued and served, however, the parties having voluntarily abandoned the premises.

Section 9282 of the Code is as follows: "In commencing an action under the provisions of this chapter, summons may be served upon any adult person, found in possession of the premises; and service of said process upon such party in possession shall be good and sufficient to enable the landlord to regain possession of his property."

This statute was section 6 of Chapter 64 of the Public Acts of 1869-70, which dealt exclusively with obtaining possession of leased property in actions of forcible entry and detainer. . Necessarily in such an action a judgment for rents and damages cannot be entered against the lessees, for the reason that they are not before the court. But for this statute lessors might suffer much loss and damage by lessees placing themselves where process cannot be served upon them.

Section 9267 of the Code, which is section 6 of Chapter 186 of the Public Acts of 1841-42, is as follows: "If the defendant obtain *certiorari,* and, upon trial in the circuit court, the jury find that the plaintiff is entitled to the possession of the land, they shall also ascertain

the value of the rents during the time the plaintiff has been kept out of possession, and such other damages as the plaintiff is entitled to, and the court shall give judgment against the defendant and his sureties for the amount.''

It will be observed that under this statute it is only after the case reaches the circuit court that a judgment for possession must also include rents and damages. Section 9261, which was Chapter 42 of the Public Acts of 1903, simply extended this last-named statute to judgments entered by justices of the peace. It will be noted that the above-quoted statute of 1841-42 was in effect when section 6 of Chapter 64 of the Public Acts of 1869-70 was enacted. The Legislature was charged with knowledge that under this latter statute a judgment could not be entered for rents against lessees who were not before the court.

This court in *Paper Co.* v. *Shyer,* 108 Tenn., 444, 451, 67 S. W., 856, 857, 58 L. R. A., 173, speaking through Justice CALDWELL said: ''It is a universal rule, founded on the plainest dictates of justice, that no man's personal rights can be affected by judicial proceeding without his day in court. In actions purely personal he is entitled to personal service on himself, or on some one standing before the law as his proper representative; and no valid personal recovery can be had against him without such service. This is elementary.''

In order to prevent justice from miscarrying, we think it was the clear intention of the Legislature in the enactment of section 9282 of the Code to permit the lessor to recover possession of his property where process cannot be served upon the lessee; and, further, that such a proceeding would not preclude him from recovering a judgment for rents when service of process can be had.

Sections 9261 and 9267 of the Code had in contemplation an action where the lessee was before the court and where a personal judgment could be entered against him. In such case, to prevent a multiplicity of suits, every issue growing out of the transaction should be adjudged in the forcible entry and detainer action. On the other hand, it would be most unjust to deprive a lessor of his rents where the lessee is not amenable to process simply because he is entitled to and justly recovers possession of his property. Our conclusion is that the two involved statutes are not in conflict but were enacted to meet entirely different situations.

There is no error in the judgment of the circuit court and it is affirmed.