## RABE v. THRASHER.—197 S. W. (2d) 1.

Western Section.  July 1, 1946.

Petition for Certiorari denied by Supreme Court, October 5, 1946.

W. C. Rodgers, of Memphis, for plaintiff in error.

R. A. Tillman, of Memphis, for defendant in error.

KETCHUM, J. This is an unlawful detainer action brought by Mrs. Thrasher against Rabe to recover possession of a house and lot in Memphis, and damages for its unlawful detention. From an adverse judgment Rabe has appealed in error to this Court. The case was heard by the Court without a jury, and there is no material dispute about facts as the defendant offered no proof, and the judgment was rendered on the proof offered on behalf of the plaintiff.

Mrs. Jimmie Murray Parks, the mother of the plaintiff, had owned the property involved since 1920. Some two or three years before the bringing of this suit, she rented it to the defendant Rabe from month to month at a monthly rental of $30. There is no claim that he did not pay his rent promptly when due. On October 1, 1945, she conveyed the place to Mrs. Thrasher by deed of gift, duly executed and recorded. Mrs. Thrasher was at that time living in Bristol, Virginia, where her husband was engaged in war work, but had written her mother that her husband's employment there would soon be terminated and that they intended to return to Memphis to live; and it was upon the receipt of this information that Mrs. Parks executed the deed of gift so that Mrs. Thrasher and her husband would have a home when they returned

to Memphis. Mrs. Thrasher did not know of this until after her return to Memphis on or about November 2nd, 1945. Immediately upon her return to Memphis she applied to the rent director of the OPA for a certificate of authority to evict the defendant who was the tenant occupying the premises. This certificate was granted on November 8th and authorized her to institute the proceeding at any time not less than thirty days after that date. The conditions for the granting of the certificate were stated to be that Mrs. Thrasher had become the owner of the property by deed of gift from her mother and that she intended to occupy the premises as her home.

On the same date the plaintiff gave the defendant written notice to vacate the premises by December 13th. The defendant's tenancy was from the 17th to the 17th of the month and his rent was at that time paid up to November 17th. On that date he tendered, and the plaintiff accepted, the $30 rent from November 17th to December 17th. On December 14th the plaintiff received by mail a money order for $30 for the rent for the month beginning December 17th and ending January 17th, but she returned this by registered letter on the same day and enclosed in the same letter a money order for $4 for the rent which the defendant had paid for the four days from December 13th to December 17th, and the defendant accepted this money order for $4. This action was brought on December 14th.

The assignments of error raise three questions which were relied upon by the defendant as his defenses to the action: (1) That the deed executed by Mrs. Parks to her daughter was not made in good faith, but was a subterfuge resorted to to enable her to evict the defendant from the premises; (2) that Mrs. Thrasher could not maintain the action because she was not the owner of the property

when he went into possession as a tenant, and had no contract with him, and that she had not proven that she had an assignment of the reversion; and (3) that the notice served upon him required him to vacate the premises on December 13th when his tenancy was from the 17th to the 17th of the month.

■ The first of these assignments is foreclosed by the action of the rent director of the OPA in issuing the certificate of authority to institute proceedings in the local courts to evict the tenant. His action in granting the certificate is conclusive upon the parties in this proceeding, as under the provisions of the Emergency Price Control Act, 50 U. S. C. A. Appendix, Sec. 901 et seq., his action in such matters is reviewable only by the Emergency Court of Appeals. The precise question was before the Court of Appeals of California in the cases of Jones v. Shields, 63 Cal. App. (2d) Supp. 846, 146 P. (2d) 735, and Yoncich v. Quinn, 69 Cal. App. (2d) Supp. 810, 159 P. (2d) 708.

In the first of these cases the Court said [63 Cal. App. (2d) Supp. 810, 146 P. (2d) 736]:

"The [rent] Regulation reserves to the Area Rent Director the quasi judicial power of passing upon the sufficiency of the landlord's application, and no court is authorized to review, reverse or modify the decision of such Director on this subject, excepting those specifically designated by Section 204(d) of the Emergency Price Control Act. The Congress has there provided that, with the exception of review in the Emergency Court of Appeals, and the Supreme Court of the United States, '. . . no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule.' "

And in the Yonich case the court said [69 Cal. App. (2d) Supp. 810, 159 P. (2d) 710]:

"The certificate of the Rent Director is conclusive upon all parties in this proceeding. Its validity can be attacked only in the Emergency Court of Appeals set up by the Emergency Price Control Act."

It thus appears that the question of Mrs. Parks' good faith, or her reasons for executing the deed of gift to the plaintiff, does not present an issue for the determination of this court, so the first assignment of error will be overruled.

■ Nor do we think there is any merit in the second assignment of error—that the plaintiff cannot maintain this action because she was not the owner of the property when the defendant went into possession as a tenant, and because she did not have "a contract or express assignment of the original landlord's right of reversion." The deed conveying to her the fee simple title to the property carried with it all the rights which the grantor had in the property, including the assignment of the reversion; under the unlawful detainer statute, Code Sec. 9247, the right to the remedy is given to "the landlord, or the assignee of the remainder or reversion." In Bloch v. Busch, 160 Tenn. 21, 29, 22 S. W. (2d) 242, 244, the assignee of the remainder or reversion is said to be "one who has acquired the fee or remainder estate from the landlord." And this language was quoted with approval in the case of Metropolitan Life Ins. Co. v. Moore, 167 Tenn. 620, 624, 72 S. W. (2d) 1050, 1051, where it was said:

"The plaintiffs here are within this definition; having acquired title to the fee. On the other hand, the defendant appears to be within the general definition of a tenant . . ."

It is very earnestly insisted on behalf of the defendant that the statement in the opinion in Bloch v. Busch, supra, that one who has acquired the fee in the property is an assignee of the reversion, is pure dictum, a casual remark not necessary to the decision of the case, but we cannot agree with this contention. The language used by the court was accurate, was pertinent to the inquiry before the court, and was not dictum. And applying it to the facts of the instant case, we are of opinion that the plaintiff as the grantee in the deed from her mother was the assignee of the reversion within the meaning of the unlawful detainer statute, and, as such, is entitled to maintain the action for the recovery of the property.

The second assignment of error will, therefore, be overruled.

The third assignment of error raising the question that the notice to vacate the premises on December 13th, when after giving the notice the plaintiff accepted the rent for the month ending December 17th, would undoubtedly have been good if the question had been seasonably and properly raised by plea in abatement. But no such plea having been filed, and the defendant having accepted the rebate of $4 on the rent for the four days from December 13th to December 17th, and having elected to go to trial on the merits, we are of opinion that the point was waived. By having accepted the rebate in the rent we think he will be held to have acquiesced in the plaintiff's having set back the end of the lease period from the 17th to the 13th of the month. And not having sought to abate the action upon the ground that notice required him to vacate the premises four days before the expiration of the lease period, and upon the ground that the suit was prematurely brought, we are of opinion that

this defense was waived, especially in view of the fact that he accepted the rebate in the rent and went to trial on the merits without objection.

Assignment three overruled.

It results that the judgment of the Circuit Court in favor of Mrs. Thrasher and against the defendant Rabe for the possession of the premises sued for will be affirmed, and judgment will be rendered here in favor of Mrs. Thrasher and against the defendant, and the sureties on his appeal bond for the rent accrued since December 13, 1945, at $30 per month with interest, and all the costs.

Anderson, P. J., and Baptist, J., concur.