Milton A. TURNER, Trustee,
Plaintiff-Appellant,

v.

Claude YOW and Frances Yow,
Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section, at Knoxville.

June 22, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 29, 1983.

G. Wendell Thomas, Jr., Knoxville, for plaintiff-appellant.

Gene A. Stanley, Jr., Knoxville, for defendants-appellees.

NEARN, Presiding Judge, Western Section.

The tenant filed suit to regain possession of leased property.

The main issue was and is whether or not the terms of a lease were breached and forfeiture had as a result thereof. The Chancellor held that a term of the lease had been breached and the forfeiture was proper. Accordingly, he dismissed plaintiff's suit. Plaintiff appeals.

For the sake of clarity and brevity we will not go into all of the legal transfers, assignments, etc., by which they recently became so, but for the purpose of this opinion the defendant is and will be referred to as the landlord and the plaintiff will be referred to as the tenant.

The lease agreement in pertinent part provided:

4. Lessee agrees to pay all realty taxes upon the leased premises.

\* \* \* \* \* \*

9. If Lessee defaults hereunder the Lessor may re enter and take possession and there upon this lease shall be terminated provided, however, that Lessor shall have no right to terminate this lease except after having given written notice to Lessee specifying the default, and after Lessee has failed to cure such default within thirty days after receipt of such notice.

Most, if not all, the material facts are stipulated and those, if any, which are not, are not disputed.

On April 17, 1981, the landlord by letter, notified the tenant that certain Knoxville property taxes had not been paid. That letter is as follows:

April 17, 1981

Mr. Milton Turner, Trustee
c/o Maxada Investment Corporation
321 Cedar Bluff Road
Knoxville, TN 37919
Mr. Turner:

As you know from my previous letter, I now own the West Haven property. I am also the lessor under the lease of West Haven Corporation with you for the United American Bank Property.

I notice from court house records that your taxes for 1980 have not as yet been paid. The lease requires you to pay these taxes. Since the taxes were past due on February 28, 1981, I request that you pay the same within 30 days.

If you have any questions, call me at my office. The number is 688–5030.

Sincerely yours,
Claude Yow
4685 N. Broadway
Knoxville, TN 37918

By letter on May 12, 1981, the tenant advised the landlord that he was attempting to negotiate a reduction in the City and County taxes. That letter is as follows:

May 12, 1981

Mr. Claude Yow
4685 N. Broadway
Knoxville, TN 37918
Dear Mr. Yow:

In regard to your letter of April 17, 1981 regarding past due taxes, we are in the process of getting the property reassessed by the City and County Tax Assessor. The property was assessed higher than it should have been. As soon as we get the reassessment on the property we will be paying the bill promptly. Until we receive the revised tax bill we ask your indulgence in this matter and will work toward getting this cleared up just as soon as possible.

The 1980 County taxes were paid in February, 1981.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Deborah A. Campbell

The landlord testified that he attempted to contact the tenant by telephone, but was unsuccessful. The 1980 City taxes were not paid within the thirty day period requested by the landlord and on July 7, 1981, without benefit of Court order or any further notices, the landlord reentered the premises, took possession and changed the locks.

The leased premises was a vacant building formerly occupied by a bank under a sub-lease arrangement with plaintiff, but which had been vacant for over a year and the prime tenant-plaintiff had not relet the premises. In short, the landlord took possession of an unoccupied building.

On July 13, 1981, the tenant paid the 1980 City taxes. The 1980 County taxes had been paid by the tenant in February 1981, prior to the letter of April 17, from the landlord.[1]

The tenant then filed this suit seeking to be placed in possession of the property and has tendered rents due under the lease to the landlord.

On appeal the tenant insists that forfeitures are not favored in the law and equity will relieve against same where prior to reentry the landlord can be placed in the same position as he was prior to the breach. Cases are cited in support of that statement and for reversal of the action of the Trial Judge.

Counsel for the tenant also insists that there was no valid reentry of the premises by the landlord because it is argued that a valid reentry may be had only under a Forcible Entry and Detainer Warrant. Several cases and statutes are cited in support of that insistance.

On the other hand, counsel for the landlord argues that since the tenant did not pay the taxes within thirty days after notice of default the landlord had the right to reenter the premises and such reentry was valid because there was no breach of the peace in making the reentry. Cases are cited in support of that proposition.

■ This case has arrived in this Court with the presumption of the correctness of the judgment below unless the evidence preponderates against the findings upon which the judgment was based. 13(d), T.R. A.P.

At this point we must comment on that which the record does not reveal. The record does not reveal any previous course of conduct between the parties which might aid in the interpretation of the lease. This

1. The record shows that the 1981 City tax valuation was reduced to $28,084.00 from $40,- 420.00 for 1980.

is probably so because the parties have rather recently occupied the status of landlord and tenant. Although the lease has been in existence for a number of years, with others having the status of landlord-tenant the defendant became the landlord only four months before suit was filed and the plaintiff had been the prime tenant for about two years.

The tenant has maintained at all times that he acted reasonably under the circumstances and was not in default under the terms of the lease at the time of reentry by the landlord. The Trial Judge found that the tenant was then in default as proper notice had been given. We are of the opinion that the evidence preponderates against such finding.

■ The lease speaks specifically when rent is mentioned. Rent is payable in specific amounts on a day certain. There can be no doubt regarding the day upon which rent would be in default. The lease speaks with a good deal less specificity in regard to the taxes. All it says is that tenant agrees to pay the taxes. It does not use the phrase "when due." Nor does it use the phrase "before they become delinquent" or place the date payment is to be made in some other definite time frame. Then, the question must arise: At what time does the tenant agree to pay them? When the parties have failed to answer in the agreement the time question, the only answer a Court can give is: That time which is reasonable under the circumstances.

Since the owner of the fee usually receives the tax bill, it is not an unknown practice between landlord and tenant that the landlord pay the taxes and then send the bill to the tenant for reimbursement with the next month's rent. Also, it is not unknown practice for a tenant to await the tax bill from the landlord and then pay it directly to the taxing authority. Under either of these arrangements, the tenant would have lived up to the agreement "to pay all realty taxes." However, as previously noted, this record affords no proof of previous dealings between landlords and tenants under this lease in order to facilitate our construction of the ambiguous clause. We have little more than the lease.

■ We hold that when a contract requires a thing to be done under penalty of forfeiture in a reasonable period of time under the circumstance and the parties have not agreed as to what constitutes such a time period, any declaration and notice of impending forfeiture must be clearly and unequivocally made so that the party seeking to avoid a forfeiture will have the opportunity to cure the forfeiture by complying with the other's demands or to seek injunctive relief to contest the unilateral decision by one of a "reasonable period under the circumstances."

■ Under the circumstances of this case we do not believe the landlord's letter of April 17, 1981, constitutes a proper notice of default contemplated by Section 9 of the lease. First, the letter is factually incorrect. It states that the "taxes" for 1980 had not been paid. The County taxes for that year had been paid and only the City taxes were then unpaid. Second, since the lease provides no time frame in which the tenant is required to pay the taxes, we are of the opinion that the notice of default, which is based on a unilateral determination by the landlord of a "reasonable time," does not clearly announce that the lease is considered in default and that notice of such is being sent pursuant to the notice of default provision of the contract and that failure to cure same will result in a forfeiture. The letter does not demand, but requests payment and does not advise of the landlord's election to proceed under Section 9 of the contract. The letter's failure to do so we believe accounts for the subsequent actions of the defendant.

Had the letter which is not even termed a "notice" been clear as to the position of the landlord, there is no doubt in this Court's mind that this suit would not have been necessary.

Therefore, since the landlord failed to meet the requirements of Section 9 of the contract there was no valid termination or declared forfeiture of the lease. This being true, the tenant is entitled to possession of the leased premises.

The issue on appeal is found in favor of appellant and the cause is remanded to the Chancery Court for entry of an order placing appellant in possession and for any further necessary proceedings. Damages were not specifically sought in the pleadings nor sought to be proved by appellant at trial. See *Bloch v. Busch,* (1929) 160 Tenn. 21, 22 S.W.2d 242. Accordingly, none will be allowed.

Costs of appeal are adjudged against appellee.

Done at Knoxville in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.