ROBERTSON v. PENN MUT. LIFE INS. CO.—123 S. W. (2d) 848.

Middle Section.    September 24, 1938.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

388

Moreau P. Estes and Jos. J. Lutin, both of Nashville, for plaintiffs in error.

Fyke Farmer and Isadore Schulman, both of Nashville, for defendant in error.

FELTS, J. This is a controversy as to what judgment the circuit court should have rendered, upon dismissing O. J. Robertson's petition for certiorari and supersedeas in an unlawful detainer proceeding.

On May 8, 1936, the Penn Mutual Life Insurance Company brought an unlawful detainer suit before a justice of the peace against O. J. Robertson to recover possession of a certain house and lot, located in Davidson County, and to recover a judgment for the rents in arrears. On May 16, 1936, the justice rendered judgment in favor of the insurance company against him for the possession and for $340, the past due rents.

On May 21, 1936, he filed a petition for certiorari and supersedeas in the circuit court, alleging that he had formerly owned the house and the Penn Mutual Life Insurance Company had foreclosed its mortgage thereon and purchased it; that he had then rented it from the company at an agreed rental of $40 per month, with an understanding that he was to remain in possession of it for a reasonable time to give him an opportunity to re-finance the indebtedness and re-purchase the property; that such reasonable time had not expired and would not expire before August 1, 1936, by which time he would be able to re-finance the indebtedness and re-purchase the property; and that notwithstanding this agreement the company had brought the unlawful detainer suit and recovered judgment for the possession of the property, which judgment was wholly unjust for the reason that the time for which he had rented the property had not expired. And the petition prayed for a writ of certiorari to bring the cause to the circuit court to be there retried and for a writ of supersedeas to stay all further proceedings on said judgment.

The circuit judge granted a fiat directing the issuance of the writs of certiorari and supersedeas, as prayed for, upon petitioner giving a bond and security according to law in the sum of $500.

He made a bond, with Mrs. Willie B. Lackey and Moreau P. Estes as his sureties thereon. This bond appears on its face to be in the sum of $200, but recites that "Moreau P. Estes qualified for $500."

Thereupon writs of certiorari and supersedeas issued and were served, further proceedings on the judgment were stayed, Robertson continued to remain in possession of the property, and the justice set up the record.

On November 14, 1936, the circuit court, upon motion of the insurance company, entered an order requiring Robertson to make a certiorari and supersedeas bond for the total amount of $1000, with good and sufficient security as required by law, on or before November 20, 1936, and providing that upon his failure to do so his

petition for certiorari, and supersedeas "will upon motion be dismissed."

On November 23, 1936, it appearing that Robertson had failed to execute the bond required, the court, upon motion of the Penn Mutual Life Insurance Company, dismissed his petition for certiorari and supersedeas, awarded a writ of possession to put the insurance company in possession, and entered judgment against him for $597.15 ($340, the amount of the justice's judgment, $10.48 interest thereon, and $246.67, the rents accruing since the date of the justice's judgment), together with the costs of the cause; and the court rendered a judgment against Mrs. Lackey for $200 and against Moreau P. Estes for $500, as sureties upon the bond.

The writ of possession issued and the insurance company was put in possession.

Robertson and his sureties moved for a new trial, and their motion being overruled, he appealed in error in forma pauperis, and has assigned errors; and the sureties have filed the record for writ of error.

Before the case was reached for hearing in this court Robertson moved to transfer it to the Supreme Court for the reason that "the record consists only of the technical record without any bill of exceptions or other proof." In a memorandum opinion by Faw, P. J., the court overruled this motion for the reason that it appeared from the record that the judgment of the circuit court was based in part upon "evidence introduced by the plaintiff," and the motion for a new trial was overruled "after hearing evidence introduced in open court."

No complaint is made against so much of the action of the circuit court as dismissed the petition, dispossessed Robertson of the premises, and allowed a recovery against him for $340, the amount of the justice's judgment for the rents in arrears. The complaint is against the rest of the court's action, i. e., the allowance of a recovery against Robertson for $246.67, as the value of the rents during the litigation, and the allowance of any recovery against the sureties.

It is insisted that the circuit court, upon dismissing the petition, had no jurisdiction to allow any recovery against Robertson except for $340, the amount of the justice's judgment for the rents which were past due when the litigation was begun; and that no recovery for these rents could be allowed against the sureties because the obligation of their bond was to pay only the rents accruing during the litigation and not rents which had already accrued and were past due before the litigation was begun. This insistence is based upon secs. 9005, 9266, and 9267 of the Code, which follow:

Sec. 9005: "Upon affirmance of the judgment or decree below

or recovery of a larger amount, or upon dismissal of the certiorari for want of prosecution, or for any other cause, the court shall enter judgment for the amount recovered against the principal and the sureties on the prosecution bond, with interest at the rate of six per cent. per annum from the date of the judgment or decree below, and all costs.''

Sec. 9266: ''The proceedings in such actions [forcible entry and detainer, forcible detainer, and unlawful detainer] may, within thirty days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.''

Sec. 9267: ''If the defendant obtain certiorari, and, upon trial in the circuit court, the jury find that the plainiff is entitled to the possession of the land, they shall also ascertain the value of the rents during the time the plaintiff has been kept out of possession, and such other damages as the plaintiff is entitled to, and the court shall give judgment against the defendant and his sureties for the amount.''

It is argued that sec. 9267 afforded no authority for the circuit court's judgment, because there was no trial on the merits by a jury, as contemplated by this section; that the only authority for the court's judgment, upon dismissal of the certiorari, was sec. 9005, which gave the court no power to render any judgment except one for the amount of the judgment below, with interest and costs; and that so much of the judgment as was for the value of the rents accruing after the entry of the justice's judgment was void as beyond the power of the court.

Our statutes (secs. 9263-9268 of the Code) provide two alternative remedies for having a justice's judgment in an action of forcible entry and detainer, forcible detainer, or unlawful detainer retried in the circuit court. One remedy is by appeal, and the other is by certiorari and supersedeas. If Robertson had pursued the remedy of appeal, he could not have kept possession of the premises during the litigation; but the insurance company, upon giving a bond in double the value of one year's rent, as required by sec. 9265 of the Code, could have got possession immediately. But by pursuing the remedy of certiorari and supersedeas, and giving the bond to cover costs, damages and the value of the rent during the litigation, as required by section 9266, he was enabled to keep possession until the end of the litigation in the circuit court. Ammons v. Coker, 124 Tenn. 676, 139 S. W. 732.

Thus he has enjoyed the premises during the litigation, and justly owes the rent therefor. If the circuit court had no power to render judgment against him for this rent in this case, then the insurance company is without a remedy to obtain a recovery for this rent, because it could not do so in another suit. Simmons v. Taylor, 91 Tenn. 363, 18 S. W. 867; Bloch v. Busch, 160 Tenn. 21, 22 S. W. (2d) 242.

Section 9005, relating to certiorari in general, and section 9267, relating to certiorari in actions to recover possession of real estate, both empower the circuit court to render a final judgment, without limiting its amount to that of the judgment below; and the former section contemplates that in a proper case there may be a "recovery of a larger amount," and the latter section directs that the circuit court "shall give judgment against the defendant and his sureties for the amount" of "the value of the rents during the time the plaintiff has been kept out of possession, and such other damages as the plaintiff is entitled to," where the jury has found the facts— that is, plaintiff's right to possession and the amount of such rents and damages.

And in Weigand v. Malatesta, 6 Cold. 362, 46 Tenn. 362, it was held that these provisions (then secs. 3137 and 3363 of the Code of 1858), empowered the court, upon dismissing a petition for certiorari and supersedeas to quash a writ of possession issued by a justice of the peace in an action of forcible detainer, to empanel a jury to assess the plaintiff's damages, which were the rents accruing after the entry of the justice's judgment, and to render a final judgment for such damages against petitioner and the sureties on her bond.

██ Upon the authority of that case, we think the circuit court, upon dismissing Robertson's petition, would have been authorized to empanel a jury to find the value of the rents accruing since the date of the justice's judgment, and to render judgment therefor against Robertson and his sureties. But why empanel a jury to find the amount of such rents, when this fact appeared on the record without controversy? The petition stated the rent to be $40 per month, and it was simply a matter of calculation to find the amount of the rents from the date of the justice's judgment to the date of the dismissal of the petition. If any error was committed by the court in not summoning a jury to make this calculation, we are unable to see how it was prejudicial.

This case is somewhat like Matthews v. Crofford, 129 Tenn. 541, 167 S. W. 695, where the Supreme Court upheld a judgment which the circuit court, without empaneling a jury, had rendered against the surety on defendant's certiorari and supersedeas bond for both the rents which were due before the litigation and those which ac-

crued during the litigation up to the time defendant's heirs surrendered possession of the premises.

■■ We think the certiorari and supersedeas bond covered not only the rents which accrued during the litigation but also those which had accrued before the litigation. This, we think, is the effect of secs. 9266 and 9267, under which the bond was given. The one required that the bond should cover "costs and damages" and "the value of the rent of the premises during the litigation;" and the other required that judgment should be rendered on this bond for the "rents during the time the plaintiff has been kept out of possession, and such other damages as the plaintiff is entitled to." These statutes have been held to require that all rents past due at the time the action of unlawful detainer is commenced shall be included in the judgment, and can not be otherwise recovered. Simmons v. Taylor, 91 Tenn., 363, 18 S. W., 867; Bloch v. Busch, 160 Tenn., 21, 22 S. W. (2d), 242.

■ While the bond given did not follow the language of these statutes, its obligation would seem equally as broad as that required by the statutes; for it was to "perform and abide whatever judgment shall be awarded and rendered by said court in said cause."

■ For Mr. Estes it is said that the amount of the bond was $200; and that, though it appeared from the evidence introduced on the hearing of the motion for a new trial that in signing the bond he intended to bind himself for $500, the amount of the bond required by the fiat, it was error for the court to render judgment against him for $500, because the court had no jurisdiction to reform the bond. It does not appear that the court undertook to reform the bond. The court appears to have construed the bond, as to Mr. Estes, to be in the sum of $500. This, we think, was a fair interpretation of the recital written into the bond that "Moreau P. Estes qualified for $500."

It results that all the assignments of error are overruled, and the judgment of the circuit court is affirmed. Judgment will be entered in this court in favor of the Penn Mutual Life Insurance Company against O. J. Robertson for $597.15, with interest from the date of the judgment below, against his surety Mrs. Willie B. Lackey for $200, and against his surety Moreau P. Estes for $500. The costs below will remain as there adjudged, and O. L. Robertson, Mrs. Willie B. Lackey and Moreau P. Estes will pay the costs of the appeal in error.

Faw, P. J., and Crownover, J., concur.