**NASHLAND ASSOCIATES, d/b/a
Lion's Head Village,
Plaintiff-Appellee,**

v.

**Fred SHUMATE, d/b/a Fred Shumate,
Inc., Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 11, 1987.

Application for Permission to Appeal
Denied by Supreme Court
May 4, 1987.

David K. Taylor, Boult, Cummings, Conners & Berry, Nashville, for plaintiff-appellee.

Alan C. Housholder, Nashville, for defendant-appellant.

### OPINION

LEWIS, Judge.

This action for breach of a commercial lease agreement commenced in the Court of General Sessions for Davidson County, Tennessee. Judgment was entered for the defendant tenant, Fred Shumate, Inc., and the plaintiff landlord, Nashland Associates, appealed to the Circuit Court. The landlord then filed a motion for summary judgment, which was sustained.

This case arose out of a lease contract for commercial premises located in Lion's Head Village in Davidson County, Tennessee.

In early 1985 the tenant breached the contract by failure to pay the rent due. The landlord filed an unlawful detainer action in the Court of General Sessions for Davidson County to recover possession of the premises and for arrearage of rent.

On March 29, 1985, an agreed order was entered "against the [tenant] for past rents due through March 31, 1985, plus attorney's fees, an amount totalling $4,027.90, for which sums and possession the [landlord] can execute upon if necessary."

The tenant paid the judgment and "vacated the premises on April 1, 1985."

The landlord was able to re-let the premises for a term beginning August 1, 1985, and on August 8, 1985, brought this suit for "past rents from March 31, 1985" and "attorney's fees, court costs and all costs of re-letting the premises."

From the trial court's granting of the landlord's summary judgment motion and the entry of judgment in the sum of $9,978.26, the tenant has appealed.

■ The tenant contends it is not liable for rent after the landlord recovered possession of the premises through the unlawful detainer action. The tenant argues that Tenn.Code Ann. § 29–18–125 requires the landlord to recover for all rent and damages in the unlawful detainer action and that when it failed to sue for future rents, future rents were effectively waived.

Tennessee Code Ann. § 29–18–125 provides:

MONETARY JUDGMENT FOR PLAINTIFF.—In all cases of forcible entry and detainer, forcible detainer, and unlawful detainer, the judge of the court of general sessions trying the cause shall be authorized and it shall be his duty, if his judgment shall be that the plaintiff recover the possession, to ascertain the arrearage of rent, and interest, and damages, if any, and render judgment therefor.

In support of its contention that the statute makes it mandatory that there be only one suit for all rent due or to become due and for all other damages, the tenant relies on *Bloch v. Busch*, 160 Tenn. 21, 22 S.W.2d 242 (1929); *Simmons v. Taylor*, 91 Tenn. 363, 18 S.W. 867 (1892) (a case interpreting what is now Tenn.Code Ann. § 29–18–120); and *Robertson v. Penn Mutual Life Insurance*, 22 Tenn.App. 387, 123 S.W.2d 848 (1938). A reading of these cases reveals that they are inapposite to the facts of the instant case.

In *Bloch*, the landlord filed a detainer warrant and sought only possession of the premises. Thereafter, in a second suit the landlord sued for rents which were *past*

due at the time he was awarded possession. *Shannon's Code* § 5106, the forerunner of Tenn.Code Ann. § 29–18–125, provided that in an unlawful detainer action the judge shall award "the arrearage of rent, and interest, and damages." Our Supreme Court held that an owner could not prosecute a subsequent suit for rent or damages after having recovered possession in an unlawful detainer action. *Bloch*, 160 Tenn. at 25, 22 S.W.2d at 243. The second suit in *Bloch* was for rent that was in arrearage at the time the landlord was awarded possession. The Court, in *Bloch*, did not attempt by dicta or otherwise to pass upon the question of rent due in the future.

The factual situation in *Simmons* was the same with the exception that the action was on a certiorari and supersedeas bond, executed in a previous suit to cover the rental value during the pendency of that suit in circuit court. In *Simmons*, the landlord was awarded possession in his first action and subsequently brought suit for rent that was in arrearage at the time he was awarded possession. The Court again held that the landlord was precluded from bringing a subsequent suit for rent in arrearage at the time possession was awarded. 91 Tenn. at 368, 18 S.W. at 868.

In *Robertson*, the court simply held that the landlord was correctly awarded a judgment for rent that had accrued at the time it was awarded possession. 22 Tenn.App. at 393, 123 S.W.2d at 851.

Tennessee Code Ann. § 29–18–125 provides that the court shall "ascertain the *arrearage* of rent" if it determines that the landlord is entitled to possession. (emphasis added). Arrearage is defined as "money which is overdue and unpaid; *e.g., overdue mortgage or rent payments.*" *Black's Law Dictionary* 100 (5th ed. 1979) (emphasis in original). In the instant case, the rent due after March 31, 1985, was not money "overdue and unpaid."

■ The burden is upon the landlord to mitigate his damages. He must do what is fair and reasonable to reduce his damages. *See Gilson v. Gillia*, 45 Tenn.App. 193, 215, 321 S.W.2d 855, 865 (1958). Even though the tenant breaches the rental contract, the landlord is not entitled to a judg-

ment for damages that could have been avoided by reasonable effort. *See Karns v. Vester Motor Co.,* 161 Tenn. 331, 334, 30 S.W.2d 245, 246 (1930).

■ In a breach of contract action, the plaintiff is entitled only to the damages that actually compensate him for the breach. He is not entitled to speculative damages. *See Hampton v. Co-operative Town Co.,* 48 S.W. 679, 686–687 (Tenn. Chan.App.1898).

To compel the landlord to seek future rent would put him in the position of attempting to recover speculative damages because the amount of the landlord's damages are not known until he attempts to re-let the premises. Therefore, the tenant's interpretation of Tenn.Code Ann. § 29–18–125 would effectively bar a landlord from collecting damages and rent that accrued after the landlord gains possession by a detainer action, regardless of the terms of the broken lease.

Tennessee Code Ann. § 29–18–125 does not preclude a suit for rent which accrues subsequent to a judgment for possession.

We have reviewed the lease contract, and in particular Article 21. Article 21 provides in pertinent part as follows:

> Landlord shall have the following remedies if Tenant commits a default. These remedies are not exclusive; they are cumulative in addition to any remedies now or later allowed by law.
>
> 21.1. TENANT'S RIGHT TO POSSESSION NOT TERMINATED. Landlord can continue this Lease in full force and effect, and the Lease will continue in effect as long as Landlord does not terminate Tenant's right to possession, and Landlord shall have the right to collect rent when due. During the period Tenant is in default, Landlord can enter the Premises and relet them, or any part of them, to third parties for Tenant's account. Tenant shall be liable immediately to Landlord for all costs Landlord incurs in reletting the Premises, including, without limitation, brokers' commissions, expenses of remodeling the Premises required by the reletting, and like costs. Reletting can be for a period shorter or longer than the remaining term of this Lease. Tenant shall pay to Landlord the rent due under this Lease on the dates the rent is due, less the rent Landlord received from any reletting. No act by Landlord allowed by this Section 21.1 shall terminate this Lease unless Landlord notifies Tenant that Landlord elects to terminate this Lease. After Tenant's default and for as long as Landlord does not terminate Tenant's right to possession of the Premises, if Tenant obtains Landlord's consent Tenant shall have the right to assign or sublet its interest in this Lease, but Tenant shall not be released from liability.
>
> 21.2. TERMINATION OF TENANT'S RIGHT TO POSSESSION. Landlord can terminate Tenant's right to possession of the Premises at any time. No act by Landlord other than giving notice to Tenant shall terminate this Lease. Acts of maintenance, efforts to relet the Premises, or the appointment of a receiver on Landlord's initiative to protect Landlord's interest under this Lease shall not constitute a termination of Tenant's right to possession. On termination, Landlord has the right to recover from Tenant:
>
> (a) The worth, at the time of the award, of the unpaid rent that had been earned at the time of termination of this lease;
>
> (b) The worth, at the time of the award, of the amount by which the unpaid rent that would have been earned after the date of termination of this Lease until the time of award exceeds the amount of the loss of rent that Tenant proves could have been reasonably avoided;
>
> (c) The worth, at the time of the award, of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of the loss of rent that Tenant proves could have been reasonably avoided; ....

At a first reading, it would seem that the landlord must bring suit for future rents when he sues for possession. However, Article 21 provides that the remedies provided under the contract are not exclusive but are "cumulative in addition to any remedies now or later allowed by law."

When the lessee breaches a covenant in a lease, "the lessor may accept the breach by the lessee, retake possession, and sue for damages." 51C C.J.S. *Landlord & Tenant* § 250(2)(a). The lessor may recover all damages that are proximately caused by the breach and capable of reasonably accurate ascertainment. *See Ferrell v. Elrod*, 63 Tenn.App. 129, 153–154, 469 S.W.2d 678, 689 (1971).

We find nothing in the lease agreement which precludes the landlord from bringing a separate suit for rents which were not due at the time possession was awarded. The landlord may wait until the amount of the rents have been determined. Until such time as rents have been determined, the landlord does not know the amount of his damages. Until that time they are speculative.

The judgment of the trial court is affirmed with costs taxed against the defendant Fred Shumate, Inc., and the cause remanded to the trial court for the collection of costs, for a hearing and an award of attorney's fees incurred during the prosecution of this appeal pursuant to Section 35.16 of the lease contract, and for any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.