# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

**July 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DANNIE JOE CHRISTMAS and )
SHARON CHRISTMAS, )
                                   )
       Plaintiffs/Appellees, )      Roane Law No. 11303
                                   )
**vs.** )
                                   )      Appeal No. 03A01-9705-CV-00188
RALPH MOORE and LINDA MOORE, )
                                   )
       Defendants/Appellants. )

## APPEAL FROM THE CIRCUIT COURT OF ROANE COUNTY
## AT KINGSTON, TENNESSEE

## THE HONORABLE RUSSELL SIMMONS, JUDGE

For the Plaintiffs/Appellees:        For the Defendants/Appellants:

Greg Leffew                          Linda Moore and Ralph Moore, Pro Se
Rockwood, Tennessee               Harriman, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This case involves the possession of real estate after foreclosure proceedings. After a bench trial, the trial court determined that Appellees were entitled to possession of the real estate in question. We affirm.

On December 17, 1984, Appellants Ralph Moore and Linda Moore ("the Moores") financed the purchase of a home in Harriman, Tennessee, through the United States Department of Agriculture's Farmers Home Administration ("FHA"). The debt was evidenced by a deed of trust introduced at trial. The Moores became delinquent on their mortgage, and in August, 1996, the FHA instructed its Roane County office to initiate foreclosure proceedings against the Moores. The FHA published the Notice of Sale in September, 1996. At the October 4, 1996 foreclosure sale, Appellees Dannie Joe Christmas and Sharon Christmas ("the Christmases") purchased the real estate in question.

On October 18, 1996, the Christmases filed an unlawful detainer suit against the Moores in the Roane County General Sessions Court, seeking possession of the real estate. The General Sessions Court entered a judgment awarding possession of the real estate to the Christmases. The Moores appealed the judgment to the Roane County Circuit Court for a trial *de novo*. The Moores posted a bond to permit them to remain in possession of the real estate while the appeal was pending.

At the trial in the Roane County Circuit Court, the Moores offered no evidence of a possessory interest in the real estate. Instead, their evidence focused on the condition of the real estate. The Christmases established their ownership of the property and sought a judgment against the Moores for rental payments from October, 1996, through the date of trial. The trial court awarded the Christmases possession of the real estate and also awarded them $865.53 for the rental payments for the period from November 1, 1996 until February 14, 1997. From this decision, the Moores now appeal.

On April 24, 1997, the trial court issued a Writ of Possession. On April 30, 1997, the Moores filed a "Motion for Emergency Conjunction" requesting that the execution of the judgment and eviction be stopped. The trial court treated the Moores' motion as a motion to enjoin execution of the Writ of Possession, or in the alternative, as a motion for stay of execution. After a hearing, the trial court denied the Moores' motion. Thereafter, the Moores filed, *inter alia*, various motions to

obtain the trial judge's notes and to declare the Writ of Possession null and void. The trial court dismissed these motions by order entered May 15, 1997.

The Moores did not enumerate the issues raised on appeal. However, upon review of the briefs of the parties, it appears to the Court that the following issues have been raised: (1) whether the Christmases were entitled to a judgment against the Moores for possession of the real estate; and (2) whether the Moores' notice of appeal constituted a stay of execution of the trial court's judgment.

Under Rule 13(d) T.R.A.P., this Court's review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact, unless the preponderance of the evidence is otherwise.

There is no dispute in this case that the Moores executed a valid mortgage securing the FHA and that the Moores later defaulted on that mortgage. The record indicates that the FHA followed the proper procedures in this State for foreclosure on real property, including appropriate notice by publication. The Deed of Trust executed between the FHA and Ralph and Linda Moore provided in relevant part:

> (20) Should the property be sold by the Trustee as aforesaid. . .(d) borrower shall give up and deliver immediate possession of the property to the purchaser thereof or be and become a tenant unlawfully holding over and subject to summary dispossession as provided by law for such cases. . . .

Under the terms of the Deed of Trust, the Moores waived any right to redemption of the real property. The Deed of Trust specifically provided:

> (21) Borrower agrees that the Government will not be bound by any present or future State laws. . .(d) allowing any right of redemption or possession following any foreclosure sale. . . .

The Christmases successfully bid on the real property at public auction on October 4, 1996, and the Trustee's Deed was delivered to them on October 18, 1996. Upon the purchase, the Christmases became the lawful owners of the real property, and the Moores were in unlawful possession of the property. The purchaser under a trust deed takes absolute title where the right of redemption is waived, and the Moores were divested of any right or title to the property. See Swift v. Kirby, 737 S.W.2d 271, 276 (Tenn. 1987).

On October 18, 1996, the Christmases initiated an unlawful detainer suit against the Moores in the General Sessions Court. Where the trust deed embodies the contract establishing the relation of landlord and tenant between the mortgagor and the purchaser at the foreclosure sale, a

2

constructive entry by the purchaser, enabling him to maintain an unlawful detainer suit, attaches as soon as he acquires title. Metropolitan Life Ins. Co. v. Moore, 167 Tenn. 620, 72 SW.2d 1050, 1051 (1934); Griffith v. Brackman, 97 Tenn. 387, 37 S.W. 273, 274 (1896). The Deed of Trust executed by the Moores stated that they would "be and become a tenant unlawfully holding over" in the event of foreclosure, thus evidencing the landlord-tenant relationship.

It is undisputed that the Christmases had absolute title and right to and lawful possession of the real property as of October 18, 1996. The Moores presented no evidence authorizing them to occupy the real property after the foreclosure sale, nor did they seek to enjoin or set aside the foreclosure sale. Under these circumstances, the trial court did not err in awarding possession of the real property to the Christmases.

The Moores also assert on appeal that the filing of the notice of appeal stayed execution of the judgment. Rule 62.01 of the Tennessee Rules of Civil Procedure provides:

> [E]xcept as otherwise provided in this rule, no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry.

The trial court entered its judgment on February 26, 1997, and the Moores timely filed the notice of appeal on March 25, 1997.

Under Rule 62.01, the February 26 judgment became final on March 28, 1997, 30 days after entry of the judgment. The filing of a notice of appeal, without more, does not stay execution of the judgment. Underwood v. Liberty Mutual Ins. Co., 782 S.W.2d 175, 177 (Tenn. 1989). In order to obtain a stay of execution, Appellants must move the trial court for a stay and give an appropriate bond. Rule 62.04 of the Tennessee Rules of Civil Procedure provides:

> [E]xcept as otherwise provided in Rule 62.01, when an appeal is taken the appellant by giving a bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the bond is approved by the trial court.

During the 30 day period following entry of the judgment, the Moores did not attempt to obtain a stay of execution of the judgment. Consequently, on April 24, 1997, the trial court entered the Writ of Possession, and the Christmases enforced the Writ and evicted the Moores from the property. Following issuance of the Writ of Possession, the Moores filed the "Motion for Emergency Conjunction." The trial court treated it as a motion to enjoin execution of the Writ of Possession and, in the alternative, as a motion for stay of execution. After a hearing, the trial court

3

denied the motion, finding that the Moores had not requested a stay of execution of judgment during the 30 day period following its entry or before issuance of the Writ of Possession. The trial court also found that the Moores had not shown good cause to stay execution of the judgment. On May 8, 1997, the Moores filed a motion to declare the Writ of Possession null and void, which the trial court dismissed by order entered May 15, 1997.

The Moores maintain that the bond they posted to appeal the action from the General Sessions Court to the Circuit Court should also stay execution of the Circuit Court's judgment while on appeal to this Court. However, the bond submitted by the Moores in the General Sessions Court to stay execution of the General Sessions judgment while on appeal to the Circuit Court expired upon entry of the Circuit Court's judgment. Bell v. Smith, 185 Tenn. 11, 15-16, 202 S.W.2d 654, 656 (1947); Robertson v. Penn. Mut. Life Ins. Co., 22 Tenn. App. 387, 389, 123 S.W.2d 848, 850 (1938). Moreover, Tennessee Code Annotated §§ 29-18-128 and 29-18-129 pertain only to appeals from the General Sessions Court to the Circuit Court and are not applicable to appeals from the Circuit Court to this Court.

Appellants did not request a stay of execution pending appeal within 30 days after entry of the trial court's judgment on February 26, and at no time posted a bond for stay. Therefore, the Circuit Court's judgment became final on March 28, 1997, and the trial court properly issued the Writ of Possession on April 24, 1997.

The decision of the trial court is affirmed. Costs on appeal are taxed to Appellants, for which execution may issue if necessary.

_____ HOLLY KIRBY LILLARD, J.

CONCUR:


_____
W. FRANK CRAWFORD, P. J., W.S.


_____
ALAN E. HIGHERS, J.

4