# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 20, 2003 Session

## J.S. HAREN COMPANY v. KELLY SERVICES, INC.

**Appeal from the Chancery Court for Knox County**
No. 147355-3     Sharon Bell, Chancellor

**FILED JANUARY 8, 2004**

**No. E2002-03116-COA-R3-CV**

---

This appeal asserts that the Trial Court erred in entering judgment against the Appellant/Defendant, Kelly Services, Inc., for breach of contract. We reverse and dismiss the judgment of the Trial Court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Dismissed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

W. Tyler Chastain, Knoxville, Tennessee, for the Appellant, Kelly Services, Inc.

Howard Curtis Trew, Athens, Tennessee, for the Appellee, J.S. Haren Company

## OPINION

The Appellee/Defendant, J.S. Haren Company (hereinafter "Haren") is a Tennessee Corporation and licensed general contractor a part of whose business is the construction of public waste water systems. Kelly Services, Inc. is in the business of providing persons to perform assignments on behalf of its clients on either a full-time and temporary basis.

In June of 1999, the City of Darien, Georgia began taking bids for construction of improvements to its sewer system. The City's bid procedure required that all bids on the project be submitted by 2:00 p.m on June 29, 1999. On June 22, 1999, Haren contacted Kelly Services' office in Brunswick, Georgia, which is located about eighteen miles south of Darien, to have Kelly Services' provide a runner to deliver its bid proposal on Darien's sewer system project to the City by the bid deadline. Haren's call was received by one of Kelly Services' senior supervisors who arranged to have a Kelly Services worker deliver the bid package as requested. In their briefs the parties have set forth the details of what transpired thereafter; however, for purposes of this opinion, it is sufficient to state that Haren's bid package was not delivered by the designated deadline, its bid

proposal was not accepted by the City and the sewer construction project was awarded to another contractor.

In consequence of Kelly's failure to make timely delivery of the bid package Haren filed a complaint against Kelly in the Chancery Court for McMinn County. The complaint alleges that Haren had the lowest bid on the proposed sewer construction project and, therefore, it would have been awarded the project contract if the bid package had been timely delivered. The complaint further alleges that, as a result of Kelly's negligence and breach of contract, Haren suffered damages and losses, including lost profits.

The case was tried without a jury and the Trial Court entered its judgment in favor of Haren in the amount of $72,500.00. This appeal followed.

Although several issues are presented for our review, all but one of these are pretermitted by our decision herein The sole issue we address, as restated, is whether the Trial Court erred in finding that the construction project would have been awarded to Haren had its bid package been delivered to the City by the bid deadline?

Our standard of review in this non-jury case is *de novo* upon the record of the proceedings below and there is no presumption of correctness with respect to the Trial Court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn. 1996) and T.R.A.P. 13(d). The Trial Court's factual findings are, however, presumed to be correct and we must affirm such findings absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

The record shows that the total base bid submitted by Haren on the sewer project was $639,000.00. There were three bids submitted on the project in addition to the bid submitted by Haren. J. & H. Waterstop bid $679,236.00, Douglas Electric bid $757,894.00 and Aqua South Construction bid $784,498.00. The project contract was awarded to J. & H. Waterstop. Thus, it is apparent that the contract was awarded to the lowest bidder among the remaining contractors. However, undisputed evidence in this case indicates that the award of the project contract was not determined by the bid amount alone.

The mayor of the City of Darien, David Bluestein, testified as follows as to the procedure the City follows in determining who will be awarded a project contract:

> A  Normally in the state of Georgia, when we open bids up, in the past on water and sewer improvements or anything like that, our engineers are down and they take the bids back to their office and do a bid computation on them and check the figures and all.
>
> Q  Yes, sir.

A  Then they recommend to the city who the low bidder was and who they recommend.

Q  And I guess that gets back to my question; provided the numbers work out, in general is the contract awarded to the lowest bidder?

A   Right, the one thing is the bid package, okay, at the bottom of the advertisement  it states: The City of Darien reserves the right to reject any or all bids in the way form - -

Q  Could you repeat that, sir?

A  The City of Darien reserves the right to reject any or all bids.

Q  Okay.  In general based on your some nineteen years of experience with the city and with letting of contracts, are the awards given to the lowest bidder?

A  Normally we give it to the lowest bidder.  But we, but our engineers usually check out the companies to advise us on that.

Q  Yes, sir, by that they check the references?

A  Yes, sir, references; yes, sir.

Q  And, of course, a part of any project and I believe it was a part of this one, is that the contractor has to provide a performance bond and a payment bond?

A  Yes, sir.

Q  So *provided the particular contractor provides both of those bonds and the references check out*, if that contractor is the lowest bidder, that contractor usually receives the bid?

A  Yes, sir.

....

Q  Now, Mayor Bluestein - -

A  Yes, sir.

Q  - - based on your many years of service for the City of Darien and experience with prior bid proposals and the awarding of public contracts, *assuming that the*

-3-

*references for J.S. Haren Company checked out okay and that the required bonds were likewise okay, and the bid from that company was the lowest bid*, is there any reason that J.S. Haren would not have been awarded the contract you can think of?

A No, sir.

Q And assuming those same circumstances, sir, would it be your opinion as mayor of the City of Darien that J.S. Haren Company would have received that bid as the lowest bidder?

A Yes, sir.

Q I'm sorry, let me rephrase that. Would have been awarded that contract as the lowest bidder?

A Yes, sir.

(Emphasis added.)

According to this testimony of Mayor Bluestein a contractor had to fulfill three requirements in order to be awarded the sewer construction project contract by the City. Such contractor must have had the lowest bid, must have provided performance and payment bonds and must have had satisfactory references as determined by the City's consulting engineers. While it appears from the record that Haren did have the lowest bid on the project, we find no evidence that Haren provided performance and payment bonds or that Haren provided references that would have been satisfactory to the consulting engineers upon whose recommendation the City relied in making its decision.

Despite Mayor Bluestein's testimony, Haren argues that the only bond that was required to accompany its bid proposal was a bid bond which it did submit. While the City's invitation/advertisement for bids does not appear to require that any bond, other than a bid bond, accompany the bid proposal it does state that "[t]o qualify to bid a certified statement from the Bidder's bonding company shall accompany the Bid Bond stating that the Bidder can submit a Performance Bond to the Owner within ten days of award of Contract." We find no evidence that such a statement was included in the bid proposal submitted by Haren[1]. Furthermore, Haren does not address Mayor Bluestein's testimony that an award of the contract was also contingent upon the references of the bidding contractor being satisfactory to the City's consulting engineers. We find no evidence that the engineers would have approved references submitted by Haren.

The Trial Court found that "it is more likely than not under the evidence that the plaintiff would have been awarded the bid." We respectfully disagree that the record before us shows that

---

[1] Although not noted by Kelly Services in its brief, it is our determination that acknowledgment of this oversight is appropriate to this opinion.

there is sufficient proof to support that finding.  Accordingly, whatever damages Haren suffered as a result of the fact that its bid was not submitted by the City's deadline are speculative and uncertain. In a breach of contract action such as this one speculative damages are not recoverable. *Nashland Associates v. Shumate*, 730 S.W.2d 332 (Tenn. Ct. App. 1987).

For the foregoing reasons the judgment of the Trial Court is reversed and dismissed.  The cause is remanded for collection of costs below which are, as are costs of appeal, adjudged against J.S. Haren Company.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE